In the Matter of the ARBITRATION BE- TWEEN PRUDENTIAL–BACHE SE- CURITIES, INC., a Delaware corpora- tion, Joel Srodes and Curtis Stan De- noux, Petitioners,

and

Robert A. DEPEW and Janet I. Depew, Respondents.

No. 92–586–Civ–T–17(B).

United States District Court, M.D. Florida, Tampa Division.

March 23, 1993.

Lloyd R. Schwed, Law Office of Lloyd R. Schwed, Miami, FL, for plaintiffs.

Jack Wm. Windt, Law Office of Jack Wm. Windt, Sarasota, FL, for defendants.

## AMENDED ORDER ON MOTION TO VACATE/MODIFY ARBITRATION AWARD

KOVACHEVICH, District Judge.

Petitioners, Prudential–Bache Securities, Inc. and Curtis Stan Denoux, petition this Court to vacate and/or modify an arbitration award to the extent that the arbitrators awarded respondents, Robert and Janet De- pew attorneys' fees. The Court grants the motion and modifies the award by eliminat- ing the grant of attorneys' fees from the award.

On March 9–11, 1992 an arbitration was held in Sarasota, Florida before a three- member panel of arbitrators from the Ameri-

can Arbitration Association ("AAA"). The arbitration was held pursuant to an arbitration clause contained within a customer agreement between Prudential and the Depews.[1]

Curtis Stan Denoux was employed by Prudential–Bache and provided investment advice to the Depews. Joel Srodes was Denoux's manager. The Depews alleged that Denoux mishandled their investment account in violation of various statutes, including the Florida Security Investment Act, Chapter 517, Florida Statutes and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5 (1992), as well as committing common law fraud, breach of fiduciary duty, and gross negligence. In their complaint, the Depews requested attorneys' fees for the 10b–5 allegations and pursuant to Section 517.211(6), Fla.Stat., which provides that a court shall award reasonable attorneys' fees to a prevailing party under Chapter 517. The Depews did not request attorneys' fees pursuant to their common law allegations. During the arbitration, neither party submitted evidence as to the appropriate level of attorneys' fees.

On April 22, 1992, the arbitrators dismissed the claim against Joel Srodes, but awarded the Depews $22,333.00 in damages, $7,817.00 in attorneys' fees [2], and $6,678.00 in costs for a total award of $36,828.00 against Prudential–Bache and Denoux. The arbitrators found that the petitioners had committed no statutory violations. Petitioners move to vacate and/or modify the arbitrators'

award on grounds that the arbitration panel improperly awarded the respondents attorneys' fees.

 Judicial review of arbitration awards is extremely narrow and is governed by both statute and case law. Pursuant to 9 U.S.C. § 10 (1988) federal district courts may vacate an arbitration award only under very limited circumstances.[3] In addition to this statute, the 11th Circuit has held that a court cannot vacate an arbitrator's award unless that award is arbitrary and capricious. *Raiford v. Merrill Lynch, Pierce, Fenner & Smith,* 903 F.2d 1410, 1413 (11th Cir.1990). An award is arbitrary and capricious only if a reviewing court cannot infer a ground for the arbitrator's decision from the facts of the case. *Id.* (citing *Siegel v. Titan Indus. Corp.,* 779 F.2d 891, 894 (2d Cir.1985)) (quoting *Sobel v. Hertz, Warner, & Co.,* 469 F.2d 1211, 1216 (2d Cir.1972)). Furthermore, an arbitrator need not state the reasons for its award. *Robbins v. Day,* 954 F.2d 679, 684 (11th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992).

 Litigants in the United States must follow the so-called "American rule" for attorneys' fees. A litigant cannot collect attorneys' fees from the losing party unless a statute or contract provides for the award, or the losing party willfully disobeyed a court order or brought suit in bad faith. *Alyeska Pipeline Serv. v. Wilderness Soc'y,* 421 U.S. 240, 247, 257–60, 95 S.Ct. 1612, 1616, 1621–23, 44 L.Ed.2d 141 (1975); *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S.

---

1. The customer agreement states in pertinent part:
 Any controversy arising out of or relating to my account, to transactions with or for me or to this Agreement or the breach thereof, ..., shall be settled by arbitration in accordance with the rules then obtaining of either the American Arbitration Association or the Board of Governors of the New York Stock Exchange as I may elect.

2. $7,817.00 is 35% of $22,333.00, the amount the arbitrators awarded as damages. The arbitrators did not state why they chose this amount.

3. The pertinent text of 9 U.S.C. § 10 is as follows:
 § 10. Same; vacation; grounds; rehearing
 (a) In any of the following cases the United States court in and for the district wherein the

award was made may make an order vacating the award upon the application of any party to the arbitration—
 (1) Where the award was procured by corruption, fraud, or undue means.
 (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
 (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 . . . .

714, 717–18, 87 S.Ct. 1404, 1406–07, 18 L.Ed.2d 475 (1967). In this circuit, if an arbitration clause in a contract is ambiguous, but can be read to include an award of attorneys fees, a court will not vacate the award. *Ierna v. Arthur Murray Int'l, Inc.,* 833 F.2d 1472, 1476–77 (11th Cir.1987). Florida Statutes, Section 682.11 provides that parties must pay the fees and expenses of arbitration, not including counsel fees, according to the arbitrators' award unless the parties otherwise provide in their contract.

In the present case, petitioners assert that none of the exceptions to the American rule exist and therefore the arbitrators award of attorneys' fees was arbitrary and capricious and must be vacated or modified. Nothing in the record indicates any sort of bad faith conduct on the part of petitioners that would warrant an award of attorneys' fees to the respondents. Courts usually award attorneys' fees for bad faith conduct when a party's actions somehow increase the length and cost of the litigation. In the present case, the arbitration lasted only three days. *Cf. Todd Shipyard Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056 (9th Cir.1991) (arbitrators' award of attorneys' fees for bad faith was appropriate where party's actions caused arbitration to be "unnecessarily extended by a considerable number of days").

Respondents requested attorneys' fees only for petitioners' alleged statutory violations. Because the arbitrators found no statutory violations, they could not have awarded attorneys' fees pursuant to statute.

■ Thus, the only possible exception to the American rule that could apply in this case is the contractual provision exception. Did the customer agreement between the parties authorize the arbitrators to award the Depews attorneys' fees? The contract itself does not mention attorneys' fees; however, as the respondents observe, the contract incorporates the AAA rules. Rule 43 states:

> The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in sections

48, 49, and 50 in favor of any party and, in the event that any administrative fees or expenses are due the AAA, in favor of the AAA.

Respondents assert that "any remedy or relief" includes attorneys' fees and therefore that Rule 43 authorizes arbitrators to award attorneys' fees. This argument fails for several reasons. First, Rule 43 does not grant unlimited power to the arbitrators. The rule allows arbitrators to grant only those awards which are "within the scope of the agreement between the parties." Because Rule 43 refers back to the parties' contract and limits the scope of the arbitrators' authority to the contract's express terms, it cannot be considered part of the contract for purposes of determining whether the contract contains a clause authorizing an award of attorneys' fees. *Cf. Ierna,* 833 F.2d at 1476–77 (similar provision in contract held to authorize award of attorneys' fees).

Respondents cite *Todd Shipyard Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056, 1064 (9th Cir.1991) for the proposition that an arbitrator may award attorneys' fees pursuant to Rule 43. *Todd Shipyard Corp.* is distinguishable from the present case because that court did not base its decision solely on Rule 43. The court stated that an arbitration panel was authorized to award attorneys' fees because it had broad power under Rule 43 *and* because the award fell under the bad faith exception to the American Rule. In the present case, the arbitrators had no legal justification for awarding attorneys' fees.

Courts have construed Rule 43 to authorize arbitrators to award punitive damages even when the arbitration agreement does not explicitly mention punitive damages. *Willoughby Roofing & Supply Co. v. Kajima Int'l, Inc.,* 598 F.Supp. 353 (N.D.Ala.1984) *affirmed* 776 F.2d 269 (11th Cir.1985). However, there is a substantial difference between punitive damages and attorneys' fees. Punitive damage awards are not subject to the same stringent rules which restrict courts from awarding attorneys' fees. While courts and arbitrators generally may award punitive damages pursuant to their equitable power, they are prohibited from awarding attorneys' fees unless one of the three exceptions to the American rule applies. In *Willoughby,* the court ruled that arbitrators lack

authority to award punitive damages only when the contract expressly excludes punitive damages. The court found that Rule 43 did not preclude an arbitrator from awarding punitive damages. The opposite rule applies to attorneys' fees; arbitrators may award attorneys' fees only when the contract expressly *includes* an express authorization. Thus, while Rule 43 may not limit an arbitrators pre-existing authority to award punitive damages, it does not create the power to award attorneys' fees. *See also Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378 (11th Cir.1988) (Tjoflat, Cir.J. concurring) (arguing that award of punitive damages may be "just and equitable" within the meaning of analogous AAA rule, but it does not fall "within the scope of the agreement of the parties" absent an express provision in the contract).

Accordingly, it is ORDERED the petition to vacate the arbitration award as to attorneys' fees be denied but the petition to modify be granted. Respondents are entitled to the full amount awarded by the arbitrators less the amount awarded as attorneys' fees. Judgment is entered for respondents in the amount of $29,011.00.

DONE AND ORDERED.