NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11880


BEACON TOWERS CONDOMINIUM TRUST  vs.  GEORGE ALEX.



Suffolk.     October 5, 2015. - January 7, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.


Arbitration, Attorney's fees.



Civil action commenced in the Superior Court Department on
November 14, 2013.

The case was heard by Frances A. McIntyre, J.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


J. Mark Dickison (Ryan A. Ciporkin with him) for the
defendant.
Mark A. Rosen for the plaintiff.


GANTS, C.J.  Under G. L. c. 251, § 10, attorney's fees may

not be awarded in arbitration proceedings "[u]nless otherwise

provided in the agreement to arbitrate."  The issue presented in

this case is whether an arbitration panel applying the

commercial arbitration rules of the American Arbitration

Association (AAA rules), having found that the arbitration agreement did not authorize an award of attorney's fees, nonetheless may award attorney's fees based on its finding that "substantially all of the defenses were wholly insubstantial, frivolous and not advanced in good faith." The appellant, George Alex, contends that the arbitration panel may award attorney's fees in these circumstances for either of two reasons: first, because AAA rule 47(a)[1] authorizes an arbitrator to "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties"; or second, because AAA rule 47(d)(ii) provides that an arbitrator may award attorney's fees if "it is authorized by law," and the award of attorney's fees in these circumstances is authorized by G. L. c. 231, § 6F. We conclude that an arbitrator lacks the authority to award attorney's fees based on a finding that all the claims or defenses were wholly insubstantial, frivolous, and not advanced in good faith unless the parties have agreed that an arbitrator may award attorney's fees in these circumstances. We therefore affirm the Superior Court judge's order vacating the arbitration panel's award of attorney's fees.

---

[1] In October, 2013, following the arbitration of this matter, the commercial arbitration rules of the American Arbitration Association (AAA rules) were amended. At that time, AAA rule 43 was renumbered as AAA rule 47. To avoid confusion, we shall refer to the AAA rules as currently numbered.

Background.  The appellee, Beacon Towers Condominium Trust (trust), is the unit owners' organization for the Beacon Towers Condominium (condominium), an entity created pursuant to G. L. c. 183A, § 17.  The condominium is comprised of three adjacent buildings in the Back Bay section of Boston, with the addresses of 479, 481, and 483 Beacon Street.  The board of trustees for the trust (trustees) is the governing body of the trust, responsible for operating, maintaining, and managing the common areas and facilities of the condominium and the business of the trust.  Alex was the owner of two units -- one at 479 Beacon Street and one at 481 Beacon Street.

In 2010, there was a major electrical fire at 483 Beacon Street that caused substantial damage throughout the building, rendering it uninhabitable.  The other two buildings were not affected.  Under G. L. c. 183A, § 17, and the trust's bylaw, the trustees were obligated to certify whether the fire damage exceeded ten per cent of the value of the condominium prior to undertaking any rebuilding.  If the damage exceeded ten per cent of the condominium's value, the trustees were required under § 17 to submit their restoration plan to a vote and obtain the approval of seventy-five per cent of the unit owners before proceeding with the repairs.

The trustees undertook the repairs without certifying that the fire damage was less than ten per cent of the value of the

condominium and without obtaining the approval of seventy-five per cent of the unit owners, and charged each unit owner his or her share of the costs in a special common expense assessment. The trustees assessed Alex $62,995 for the two units that he owned. Alex paid the assessment under protest.

The trust's bylaw requires that disputes regarding any determination or action of the trustees be submitted to arbitration. Alex commenced an arbitration action challenging the propriety of the trustees' conduct regarding the fire damage repairs and the imposition of the assessment. After a two-day arbitration, the arbitration panel found that the fire damage to the common areas and facilities exceeded ten per cent of the value of the condominium, and that the trustees committed a breach of their obligations under G. L. c. 183A, § 17, and the bylaw by restoring the common areas and facilities without a vote of the unit owners. A majority of the panel declared that the special assessment against Alex was void and awarded him restitution of the amount he had already paid in special assessments. A majority of the panel also awarded Alex attorney's fees in the amount of $48,750.[2] The majority recognized that "[t]he arbitration agreement here does not

---

[2] One member of the arbitration panel dissented from that part of the arbitration decision that ruled that the special assessment was void and that George Alex should be awarded restitution and attorney's fees.

provide for an award of fees," but reasoned that AAA rule 47(d)(ii) allows an award of fees where "authorized by law" and that G. L. c. 231, § 6F, authorizes an award of reasonable attorney's fees where, as the majority determined in this case, substantially all of the defenses were wholly insubstantial, frivolous, and not advanced in good faith.

The trust filed suit in the Superior Court, claiming that the arbitrators' award of attorney's fees exceeded the scope of the parties' arbitration agreement, and therefore was barred by G. L. c. 251, § 10.  A judge vacated the award of attorney's fees, concluding that such an award is not authorized by G. L. c. 231, § 6F, when ordered by an arbitrator because § 6F does not authorize an arbitrator to award attorney's fees.[3]  Alex now appeals from that order.  We transferred the case from the Appeals Court on our own motion.

Discussion.  "[A]n arbitration award is subject to a narrow scope of review."  Superadio Ltd. Partnership v. Winstar Radio Prods., LLC, 446 Mass. 330, 333 (2006) (Superadio).  We do not review an arbitration award for errors of law or errors of fact. See Plymouth-Carver Regional Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990); Concerned Minority Educators of

---

[3] Beacon Towers Condominium Trust (trust) also challenged the arbitrators' award of restitution to Alex.  The Superior Court judge affirmed that award, and the trust has not filed a cross appeal challenging that part of the judge's decision.

Worcester v. School Comm. of Worcester, 392 Mass. 184, 187
(1984). As set forth in G. L. c. 251, § 12, we review an
arbitration award only to determine whether it "was procured by
corruption, fraud or other undue means," whether the arbitrator
was evidently partial, or whether the arbitrator exceeded the
scope of his or her authority. Superadio, supra at 334, quoting
G. L. c. 251, § 12. "An arbitrator exceeds his authority' by
granting relief beyond the scope of the arbitration agreement
. . . by awarding relief beyond that to which the parties bound
themselves . . . or by awarding relief prohibited by law."
Superadio, supra, quoting Plymouth-Carver Regional Sch. Dist.,
supra. The trust here contends that the arbitrators exceeded
the scope of their authority for each of these reasons.

As a general rule, we have interpreted G. L. c. 251, § 10,
to prohibit the award of attorney's fees in arbitration
proceedings unless the parties have entered into an agreement
authorizing the award of such fees. See Floors, Inc. v. B.G.
Danis of New England, Inc., 380 Mass. 91, 91-92 (1980).[4]
However, we have previously recognized two circumstances where
an arbitrator may award monetary sanctions such as attorney's

---

[4] General Laws c. 251, § 10, states, "Unless otherwise
provided in the agreement to arbitrate, the arbitrators'
expenses and fees, together with other expenses, not including
counsel fees, incurred in the conduct of the arbitration, shall
be paid as provided in the award."

fees despite the broad prohibition contained in G. L. c. 251, § 10.

First, an arbitrator may award attorney's fees where a party prevails on a statutory claim in which the statute mandates the recovery of attorney's fees by the prevailing party. See Drywall Sys., Inc. v. ZVI Constr. Co., 435 Mass. 664, 673 (2002) ("We conclude that the directive that a prevailing party be awarded attorney's fees under G. L. c. 93A, § 11, applies to arbitration awards of claims under § 11 despite the normal unavailability of attorney's fees in arbitration"). In such a situation, the statutory requirement that attorney's fees be recovered "overrides the effect of G. L. c. 251, § 10." Id.

Second, in Superadio, 446 Mass. at 338-339, we held that where the parties agreed that their arbitration shall be governed by the AAA rules, an arbitrator could award monetary sanctions to a party for discovery violations and noncompliance with discovery orders. We reasoned that AAA rule 23[5] authorized an arbitrator to direct the production of documents and other information, and "to resolve any disputes concerning the

---

[5] Our opinion in Superadio Ltd. Partnership v. Winstar Radio Prods., LLC, 446 Mass. 330 (2006) (Superadio), referred to certain language then in AAA rule 23. Language regarding the arbitrator's authority to direct the production of documents and other information is now found in AAA rules 22, 23, and 44 and is substantially similar to the language referred to in Superadio.

exchange of information." Id. at 338. We concluded that the authority to award such sanctions for discovery violations and noncompliance with discovery orders was implicit in the authority granted to an arbitrator under this rule because "[t]o give arbitrators control over discovery and discovery disputes without the authority to impose monetary sanctions for discovery violations and noncompliance with appropriate discovery orders, would impede the arbitrators' ability to adjudicate claims effectively in the manner contemplated by the arbitration process." Id. at 339.

Alex contends that his award of attorney's fees may stand because the parties "otherwise agree[d]" to award counsel fees by incorporating the AAA rules, including AAA rule 47(a), which allows the arbitrator to "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties," and AAA rule 47(d)(ii), which permits an award of counsel fees where "authorized by law."

We begin by addressing Alex's argument that AAA rule 47(a) authorizes the award of attorney's fees where the arbitration panel found that substantially all of the trust's defenses were wholly insubstantial, frivolous, and not advanced in good faith. Alex claims that, in awarding fees based on this finding, the arbitration panel was granting relief that it deemed "just and equitable," as permitted under AAA rule 47(a).

There are two flaws in this argument. First, AAA rule 47(a) contains two requirements for the granting of "any remedy or relief": the remedy or relief must be "just and equitable," and it must be within the scope of the arbitration agreement. Alex overlooks the second requirement, as he points to no provision of the parties' agreement that authorizes the award of attorney's fees. Indeed, the arbitration panel determined, and we agree, that the trust's bylaw contains no such provision.

In addressing this same argument, and likewise finding no agreement among the parties to award attorney's fees, the court in Asturiana De Zinc Mktg., Inc. v. LaSalle Rolling Mills, Inc., 20 F. Supp. 2d 670, 675 (S.D.N.Y. 1998), quoting Matter of Arbitration Between Prudential-Bache Sec., Inc., & Depew, 814 F. Supp. 1081, 1083 (M.D. Fla. 1993) (Prudential-Bache), reasoned that "[t]he reference in the parties' agreement to arbitration before the AAA is . . . not a sufficient contractual basis for an award of fees, because although AAA [rule 47(a)] allows arbitrators to grant 'any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties,' this [r]ule merely 'refers back to the parties' contract and limits the scope of the arbitrator['s] authority to the contract's express terms.'" See Prudential-Bache, supra at 1084 (under AAA rule 47[a], arbitrators may award attorney's

fees only where contract "includes an express authorization" [emphasis in original]).

Second, if AAA rule 47(a) were interpreted to permit an arbitrator to award attorney's fees whenever it is "just and equitable," no matter whether the parties agreed to such an award, the effect would be to render superfluous AAA rule 47(d)(ii), the more specific AAA rule governing the award of attorney's fees. AAA rule 47(d)(ii) states, "The award of the arbitrator(s) may include . . . an award of attorney's fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." An AAA rule, like a statute or regulation, must "be 'construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.'" Wolfe v. Gormally, 440 Mass. 699, 704 (2004), quoting Bankers Life & Cas. Co. v. Commissioner of Ins., 427 Mass. 136, 140 (1998). Cf. Biogen IDEC MA, Inc. v. Treasurer & Receiver Gen., 454 Mass. 174, 190 (2009) ("Principles governing statutory construction and application also apply to regulations"). Moreover, as with statutes and regulations, general language in the AAA rules "must yield to that which is more specific." See Silva v. Rent-A-Center, Inc., 454 Mass. 667, 671 (2009), quoting TBI, Inc. v. Board of Health of N. Andover, 431 Mass. 9, 18 (2000). Under the AAA rules, rule 47(a) is the general rule setting forth the permissible scope of

an arbitration award.  AAA rule 47(d)(ii) is the specific rule governing when an award may include attorney's fees.

Alex contends that, just as we recognized an arbitrator's authority in Superadio to award monetary sanctions for discovery violations and noncompliance with discovery orders, so should we recognize an arbitrator's authority to award attorney's fees where it is just and equitable because the defense was not made in good faith.  The key difference, however, lies in the AAA rules concerning the specific sanctions at issue:  the version of rule 23 at issue in Superadio, governing discovery, broadly authorized the arbitrator "to resolve any disputes concerning the exchange of information," whereas rule 47(d)(ii) expressly limits the availability of attorney's fees in arbitration awards, allowing fees only where they are requested by the parties or authorized by law or agreement.  In Superadio, 446 Mass. at 338-339, we emphasized the broad authority conferred by AAA rules 23 and 47(a),[6] reasoning that

> "[n]oteworthy in these rules is the absence of any language limiting the means by which an arbitrator or arbitration panel may resolve discovery disputes, or language restricting the application of the broad remedial relief of [AAA] rule [47](a) to final awards (and precluding the grant of broad remedial relief to interim awards).  The rules, construed together, and supported by the broad arbitration provision in the agreement and the absence of any limiting language prohibiting a monetary sanction for

---

[6]  Our opinion in Superadio, 446 Mass. 330, referred to certain language then in AAA rule 45 that is now found in rule 47.  See note 1, supra.

discovery violations, authorized the panel to resolve
discovery dispute[s] by imposing monetary sanctions."

AAA rule 47(d)(ii), in contrast, includes precisely such limiting language. We cannot therefore import the reasoning of Superadio to this case, where a specific AAA rule exists restricting the availability of attorney's fees. Such reasoning would undermine the statutory purpose of G. L. c. 251, § 10, which is to prohibit arbitrators from awarding attorney's fees unless the parties expressly agree otherwise. We shall not infer such an agreement merely from the parties' agreement to AAA rule 47(a), when the parties also agreed to AAA rule 47(d)(ii), which expressly limits when attorney's fees may be awarded. To do so would invite the risk that the parties unwittingly allowed the arbitrator to award attorney's fees. Where the parties have incorporated the AAA rules into their arbitration agreement, AAA rule 47(d)(ii) exclusively governs the scope of authority for awards of attorney's fees.

We now turn to Alex's argument that the arbitrators' award of attorney's fees was authorized by AAA rule 47(d)(ii) because it was "authorized by law," specifically G. L. c. 231, § 6F, which allows a "court" to award attorney's fees where "substantially all of the defenses . . . were wholly insubstantial, frivolous and not advanced in good faith." Section 6F is the statutory codification of the bad faith

exception, recognized at common law, to the "American Rule" that counsel fees are not among the costs awarded to a successful litigant.  See Wong v. Luu, 472 Mass. 208, 215 (2015); Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 95 (1997).

An arbitrator, however, is not a "court" that may award attorney's fees under § 6F.  General Laws c. 231, § 6E, supplies the definitions that apply to § 6F, and it defines "court" as "the supreme judicial court, the appeals court, the superior court, the land court, any probate court and any housing court, and any judge or justice thereof."  The Legislature's omission of the District Court and Boston Municipal Court suggests its intention to restrict the applicability of § 6F to proceedings in the specific courts that are enumerated.  See Tilman v. Brink, 74 Mass. App. Ct. 845, 852-854 (2009) (District Court cannot award attorney's fees under § 6F because it is not included in statutory definition of "court" under § 6E).  See also Monahan Corp. N.V. v. Whitty, 319 F. Supp. 2d 227, 231 (D. Mass. 2004) (when Legislature limited application of § 6F to specific courts, it "said what it meant and meant what it said").

Our review of the legislative history shows that the omission of the Boston Municipal Court and the District Court from the statutory definition of "court" in § 6E was not a legislative oversight, but the result of a deliberate

legislative act.  The original version of the bill that eventually was enacted as § 6E originated in the House, and provided that the word "'Court' shall include the Supreme Judicial Court, the Appeals Court, the Superior Court, the Land Court, the Municipal Court of the City of Boston and any Probate Court, District Court and Housing Court, and any judge or justice thereof."  1976 House Doc. No. 1315.  The Senate then amended the bill by, among other things, removing "the Municipal Court of the City of Boston" and "the District Court" from the definition of "court."  See 1976 House J. 2733.  The House concurred in the Senate amendments, and this version of the bill was then adopted and signed by the Governor, enacting G. L. c. 231, §§ 6E-6G.  1976 House J. 2733.  See St. 1976, c. 233, § 1.  The removal of two of the trial court departments from the definition of "court" demonstrates the Legislature's intention to limit the applicability of § 6F to cases in only some trial court departments.  Where the word "court" was not even meant to include all courts, it would be absurd for us to interpret the term even more broadly to include arbitrators.

Nor was it irrational for the Legislature to exclude arbitrators from the definition of "court" under § 6E and thereby, in the absence of agreement, deprive arbitrators of the authority to award attorney's fees where substantially all of the claims or defenses "were wholly insubstantial, frivolous and

not advanced in good faith."  If the Legislature had granted arbitrators this authority, they potentially could exercise it without restraint, because an arbitrator's finding that substantially all of a party's claims or defenses "were wholly insubstantial, frivolous and not advanced in good faith" is a composite finding of fact and law that, absent fraud, is not subject to review by a court.  See Plymouth-Carver Regional Sch. Dist., 407 Mass. at 1007.

Conclusion.  The judgment of the Superior Court vacating the arbitrators' award of attorney's fees is affirmed.

So ordered.