**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4531-18T3

RAYMOND ZECCA, BARBARA
ZECCA, RAYMOND GAISER,
and JOAN GAISER,

     Plaintiffs-Respondents,

v.

MONTEREY CONDOMINIUM
ASSOCIATION, INC.,

     Defendant-Appellant.

_____

Argued March 31, 2020 – Decided May 6, 2020

Before Judges Yannotti, Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0301-17.

Joseph Christopher Gillin-Schwartz argued the cause for appellant (Barry Corrado Grassi & Gillin-Schwartz, PC, attorneys; Joseph Christopher Gillin-Schwartz, on the briefs).

Anne Patricia Ward argued the cause for respondents (Ehrlich Petriello Gudin & Plaza, attorneys; Anne Patricia Ward, on the brief).

PER CURIAM

Defendant Monterey Condominium Association, Inc. appeals from an April 10, 2019 Law Division order, which confirmed a $38,703 counsel fee award entered by the arbitrator under American Arbitration Association (AAA) Rule 47(d)(ii), pursuant to N.J.S.A. 2A:23B-25(b) and (c), to plaintiffs Raymond Zecca, Barbara Zecca, Raymond Gaiser, and Joan Gaiser. Defendant also appeals from a June 11, 2019 order awarding additional counsel fees in the amount of $5,803.10. We affirm both orders.

I.

The following facts are derived from the motion record. Plaintiffs are unit owners at Monterey Condominium in Wildwood Crest, which is operated by defendant. The Master Deed for the complex allows owners to rent their units to third parties privately or through the Monterey Rental Program (MRP). The MRP partially covers some of the overhead expenses of renting the units in exchange for a share of the profits. Plaintiffs chose not to partake in the MRP and rented their units on their own.

In April 2016, defendant's management committee decided to impose an annual assessment of $400 on unit owners who did not participate in the MRP to "bear a 'fair share' of the cost of the 'enforcement' activities," such as

regulating excessive noise, use of glass containers by the pool, and hanging towels over the balconies.[1]

Plaintiffs filed a complaint and, on September 26, 2017, filed an amended complaint, challenging the assessments. In their pleadings, they contended the assessments were unlawful because they coerced plaintiffs into participating in the MRP, discriminated against them for not participating, and were unauthorized by defendant's governing documents. Specifically, plaintiffs argued that the assessments were unenforceable because defendant did not properly notice or vote upon them. Additionally, plaintiffs asserted that if the assessments were deemed valid, they should have been computed based upon each unit owner's proportionate share of the common elements.

Defendant filed an answer, moved to dismiss the matter, and refer the parties to binding arbitration pursuant to paragraph twenty-three of the Master Deed, which provides:

> [I]n the event there is an irreconcilable dispute between and among the members of the [a]ssociation or the [m]anagement [c]ommittee involving either the management of the [a]ssociation, the project, or the enforcement of any rights or responsibilities created by

---

[1] The president of the association certified that there are thirty-four units at the complex. Three of the unit owners chose not to rent through the MRP, and two owners filed the matter under review.

A-4531-18T3

> virtue of this Master Deed, the [b]y-[l]aws, the [r]ules and [r]egulations, and other documents and instruments appertaining to the [c]ondominium project, all such parties shall agree to submit those matters to an arbitrator, which said arbitrator shall be annually designated by the [a]ssociation for arbitration prior to the institution of any judicial proceedings.

In opposition filed to defendant's motion, plaintiffs argued that the arbitration clause was unenforceable because it failed to designate an arbitrator or the rules governing arbitration.

The trial court conducted oral argument on the motion to dismiss on January 24 and February 9, 2018. On January 24, defendant requested the court apply the rules of the AAA to the arbitration proceeding, and on February 9, plaintiffs requested an award of counsel fees be included in the arbitration proceeding.

On February 9, 2018, the trial court granted defendant's motion, dismissed plaintiffs' amended complaint without prejudice, and compelled arbitration, ordering that "[t]he parties will be bound by the rules of the [AAA]." The court also ordered that unless one of the parties moved to vacate the arbitration award within forty-five days of its entry, the award would be binding on the parties.

The Honorable George L. Seltzer, J.A.D. (Ret.) was appointed to arbitrate the dispute. On May 17, 2018, Judge Seltzer conducted oral argument and determined that the issues could be decided as a matter of law.

On May 21, 2018, Judge Seltzer issued a written partial decision and award, voiding the assessment on the ground of insufficient notice. He found:

> I agree that the assessment was, if adopted at all, not imposed at a meeting of which adequate notice was provided and direct that the amounts already collected be returned to plaintiffs.
>
> . . . .
>
> [T]he [c]ondominium is run by a management committee and th[e] meetings of the management committee at which a binding vote is to be taken, with four non-relevant exceptions, must be preceded by "adequate" notice to the members of the [a]ssociation.
>
> [Footnote omitted].

The arbitrator reasoned that "[t]he term 'adequate notice' is not defined [by the New Jersey Condominium Act (NJCA)[2]] but notice can hardly be adequate if it does not inform the person being noticed as to what is to occur" and in this case, the published agenda lacked "implicit reference to the possible

---

[2] N.J.S.A. 46:8B-1 to -38.

adoption of a new assessment of limited applicability."  Thus, Judge Seltzer concluded:

> As I view the published agenda there is simply no indication of the intention to vote on the imposition of a new assessment binding on non-participating [u]nit owners.  The notice—as to that item—cannot be said to [be] adequate.

In reaching that determination, Judge Seltzer declined to resolve the remaining issues because there was insufficient evidence in the record, and his decision rendered them moot.  Finally, he ordered defendant to return to plaintiffs all monies collected pursuant to the invalid assessment.

On June 18, 2018, plaintiffs filed an application with the arbitrator seeking reimbursement of the counsel fees and costs they incurred under AAA Rule 47(d)(ii).  Defendant moved to dismiss the application, arguing it "violate[d] the provisions of [Rule]1:4-8," and cross-moved for counsel fees after plaintiffs did not withdraw their fee application.

On August 16, 2018, Judge Seltzer heard oral argument on the counsel fees applications.  He issued a written partial decision and award granting counsel fees to plaintiffs and denied same to defendant.  The arbitrator supported that conclusion by finding he was authorized under AAA Rule 47(d)(ii) to award counsel fees because both parties requested them.  Judge Seltzer reasoned:

Both parties sought counsel fees. The matter was to be governed by the rules of the AAA which include a provision that the request for fees by both parties is tantamount to a submission of that issue for determination.

. . . .

I award fees to plaintiffs because they prevailed, because absent the award of fees there is no incentive to attack a minimal fine or assessment, and because the other basis for the attack on the assessment had a rational foundation. I decline to award fees to defendant because such an award would effectively punish plaintiffs for prevailing and because I am satisfied that given the lack of notice, defendant[] could not have prevailed no matter how rational a basis the other defenses might have [been].

Thereafter, plaintiffs filed an application for a specific sum of counsel fees under AAA Rule 47(d)(ii) and defendant cross-moved for reconsideration of the arbitrator's decision. On November 19, 2018, Judge Seltzer awarded plaintiffs $38,703 and denied defendant's motion for reconsideration. Relying upon AAA Rule 47(d)(ii), Judge Seltzer found "an award of . . . fees [is authorized] if all parties have requested such an award or it is authorized by law or their arbitration agreement." He stated Rule 47(d)(ii) would be meaningless if it were limited to "fees permitted by the agreement to arbitrate or the appropriate law." Defendant refused to pay the $38,703 sum to plaintiffs.

Consequently, plaintiffs filed a motion to confirm the arbitration awards entered on May 21, August 16, and November 19, 2018, and requested an award of counsel fees incurred relative to filing the motion under N.J.S.A. 2A:23B-25(b). Defendant filed a cross-motion to vacate the award under N.J.S.A. 2A:23B-23(4).

On April 5, 2019, the court heard oral argument on the motions. Thereafter, on April 10, 2019, the court granted plaintiffs' motion and entered an order confirming the arbitration awards and $38,703 in counsel fees. Applying a de novo review, the court found that the arbitrator acted within the scope of his authority and that his award did not contain any error of law. In its comprehensive oral decision, the court noted that the arbitrator was "confronted with . . . consent of the parties as well as his consideration with regard to what was just and equitable in the overall award." The court found:

> [B]ased on this record it is appropriate to confirm the award of Judge Seltzer that also includes attorney's fees because . . . the gate was opened and . . . by virtue of the consent of the parties . . . Judge Seltzer had the proper scope and the ability to render attorney's fees in this particular case.

The court entered an order that day confirming the arbitration awards and entering judgment against defendant in the sum of $38,703. Plaintiffs' request for counsel fees in conjunction with their motion to confirm the arbitration

awards was granted pending a certification of services to be submitted to the court. The court accordingly denied defendant's cross-motion to vacate the awards.

On June 11, 2019, the court entered another order, awarding plaintiffs counsel fees and costs in the sum of $5,803.10, relative to their motion to confirm the arbitration awards.

Defendant appeals from the April 10, 2019 and June 11, 2019 orders confirming the arbitration awards, denying its motion to vacate the awards, and granting additional counsel fees to plaintiffs. On appeal, defendant contends the trial court erred in confirming the arbitration awards because the arbitrator did not have unbridled discretion to award counsel fees under AAA rules, warranting reversal. We are not persuaded by defendant's argument.

II.

The scope of judicial review of an arbitration award is limited. Tretina Printing, Inc. v. Fitzpatrick & Assocs., 135 N.J. 349, 357 (1994). An arbitrator's decision is not to be cast aside lightly, Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010) (quoting Bd. of Educ. of the Alpha v. Alpha Educ. Ass'n, 190 N.J. 34, 42 (2006)), and is "entitled to a presumption of validity," Twp. of Wyckoff v. PBA Local 261, 409 N.J. Super.

344, 354 (App. Div. 2009). "As the decision to vacate an arbitration award is a decision of law, this court reviews the denial of a motion to vacate an arbitration award de novo." Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013) (quoting Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010)).

Arbitration is "a method of dispute resolution involving one or more neutral third parties who are usu[ally] agreed to by the disputing parties and whose decision is binding." Fawzy v. Fawzy, 199 N.J. 456, 468 (2009) (alteration in original) (quoting Wash. Auto. Co. v. 1828 L St. Assocs., 906 A.2d 869, 878 (D.C. 2006)). "'[A]rbitration . . . is a favored means of dispute resolution[,]' . . . [and] [i]t is well-settled that New Jersey's strong public policy favors settlement of disputes through arbitration." Curran v. Curran, 453 N.J. Super. 315, 320 (App. Div. 2018) (alterations in original) (quoting Minkowitz, 433 N.J. Super. at 131).

This method of dispute resolution "can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized . . . ." Fawzy, 199 N.J. at 468 (quoting Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179, 187 (1981)). Accordingly, there is also "a strong preference for judicial confirmation" of those awards. Linden

Bd. of Educ., 202 N.J. at 276 (quoting Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 10 (2007)).

"From the judiciary's perspective, once parties contract for binding arbitration, all that remains is the possible need to: enforce orders . . . which have been ignored; confirm the arbitration award; correct or modify an award; and in very limited circumstances, vacate an award." Curran, 453 N.J. Super. at 321 (internal citations omitted) (quoting Minkowitz, 433 N.J. Super. at 134). Otherwise, "the purpose of the arbitration contract . . . would be severely undermined." Ibid. (quoting Minkowitz, 433 N.J. Super. at 134). "Because arbitration is so highly favored by the law, the presumed validity of the arbitration award is entitled to every indulgence, and the party opposing confirmation has the burden of establishing statutory grounds for vacation." Pressler & Verniero, Current N.J. Court Rules, cmt. 3.3.3. on R. 4:5-4 (2020).

Our Legislature adopted the New Jersey Arbitration Act (the Act), N.J.S.A 2A:23B-1 to -32, in 2003, which "sets forth the details of the arbitration procedure that will apply unless varied or waived by contract . . . including those detailing the method for initiation of the proceedings; the conduct of the arbitration process itself; and the issuance of the award." Fawzy, 199 N.J. at 469-70 (internal citations omitted). The Act also dictates when a trial court

"shall vacate an award made in [an] arbitration proceeding[,]" including when "an arbitrator exceed[s] the arbitrator's powers . . . ."  N.J.S.A. 2A:23B-23(a)(4).  Here, defendant argues that the trial court erred in failing to vacate the arbitrator's award of counsel fees because the arbitrator exceeded his powers in making that award.

The parties' arbitration was subject to the rules of the AAA, which defined the scope of the arbitrator's powers.  Rule 47(a) of AAA's Commercial Arbitration Rules and Mediation Procedures allows an arbitrator to "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties . . . ."  More specifically, Rule 47(d)(ii) provides that an arbitrator may include "an award of attorney['s] fees if all parties have requested such an award or it is authorized by law or their arbitration agreement."[3]

Defendant surmises that Rule 47(d)(ii) provides three possible avenues for an award of fees including: the award is authorized by law; the award is

_____

[3] Contrary to defendant's suggestion that the traditional "American Rule" should be adhered to, Rule 47(d)(ii) displaces it in this case.  Because N.J.S.A. 2A:23B-21(a) allows for an award of attorney's fees "if such an award is authorized by law . . . or by the agreement of the parties to the arbitration proceeding[,]" and the parties were bound by the rules of the AAA by a court order, imposing those rules on their agreement, any decision made by the arbitrator regarding fees is subject to those rules.

authorized by an arbitration agreement; or all parties have requested an award of fees. First, defendant contends that the award of counsel fees was not sanctioned by law because the Arbitration Act limits such awards to those "authorized by law in a civil action involving the same claim . . . ." N.J.S.A. 2A:23B-21(b). Because the governing law in this case is the NJCA, and defendant claims there is no fee-shifting provision in the NJCA for unit owners to collect counsel fees for litigating assessments believed to be unfair, defendant contends the arbitrator's award was not authorized by law. Second, because the parties did not have an agreement about fee shifting, defendant argues the arbitrator had no authority to award counsel fees.

Defendant concedes that Judge Seltzer could consider fees under Rule 47(d)(ii) because both parties requested them. However, defendant claims the arbitrator's determination that fees were "just and equitable" under Rule 47(a) was insufficient to actually grant plaintiffs those fees. Defendant contends Rule 47(d)(ii) is a "procedural gate" that allows the arbitrator to consider the application for fees, but requires independent legal authority to make the award, above and beyond Rule 47(a). Defendant's argument lacks merit.

Rule 47(d)(ii) clearly and unambiguously allows the arbitrator to award counsel fees when both parties request fees. Here, since both parties demanded

counsel fees in their respective pleadings, and the issue of counsel fees was addressed by the trial court before the matter was referred to arbitration, the arbitrator had the authority to grant those fees under the AAA rules.

Moreover, section twenty-three of the Master Deed does not specify who will arbitrate the dispute or what rules will govern. We note that when defendant moved to compel arbitration, defendant's counsel asked the court to apply the AAA rules to cure that deficiency over plaintiffs' objection.

Judge Seltzer aptly explained that "[o]nce the award of fees comes within the jurisdiction of the arbitrator, the award [is] limited only by the proper exercise of the arbitrator's decision in determining what is just and equitable." We conclude Judge Seltzer acted within the scope of his authority under the AAA rules in awarding counsel fees.

Defendant cites three out-of-state cases in support of its "procedural gate" position. None of these cases are precedential, but we briefly address them.[4] First, defendant cites Beacon Towers Condo Tr. v. Alex, 473 Mass. 472 (2016). The Massachusetts Court held "if AAA Rule 47(a) were interpreted to permit an

---

[4] Out-of-state decisions are neither binding nor controlling on our court. See, e.g., In re Advisory Op. No. 01-2008, 201 N.J. 254, 268 (2010); Meadowlands Basketball Assocs. v. Dir., Div. of Taxation, 340 N.J. Super. 76, 83 (App. Div. 2010); Marx v. Friendly Ice Cream Corp., 380 N.J. Super. 302, 310 (App. Div. 2005).

14

arbitrator to award attorney's fees whenever it is 'just and equitable,' . . . the effect would be to render superfluous AAA Rule 47(d)(ii), the more specific AAA Rule governing the award of attorney's fees." Id. at 477. Defendant contends that holding stands for the proposition that even if the issue of fees came under the arbitrator's jurisdiction, the decision to award the fees still requires a substantive legal foundation, not simply that the award is "just and equitable."

Defendant is correct that Beacon stands for the principle that, as between Rule 47(a) and Rule 47(d)(ii), the former "is the general rule setting forth the permissible scope of an arbitration award" while the latter "is the specific rule governing when an award may include attorney's fees" and therefore, the one that was applied in that case. Ibid. However, Beacon does not address the issue of interpreting the language contained in Rule 47(d)(ii), and did not involve all parties requesting an award of fees. Indeed, the only issue presented was that Rule 47(d)(ii) was not met in any capacity—not by law, agreement, or request— and the only basis for the arbitrator's award was that it was "just and equitable." Therefore, we are unpersuaded by the holding in Beacon.

Defendant also relies upon Henry v. Imbruce, 178 Conn. App. 820 (2017), which dealt with the Connecticut Unfair Trade Practices Act (CUTPA). The

Connecticut court held that "[i]f both parties sought attorney's fees . . . then both parties agreed pro tanto to submit that issue to arbitration, and the arbitrators had jurisdiction to consider that issue <u>and to award them</u>." <u>Id.</u> at 842 (second alteration in original) (emphasis added) (citation omitted). The <u>Henry</u> court then cited AAA Rule 47(d)(ii), that the arbitrator may award fees upon the parties' request, an authorization of law, or agreement and footnoted "[w]e note also that CUTPA expressly authorizes attorney's fees." <u>Id.</u> at 842-43, n.10.

The <u>Henry</u> court clearly noted that "the parties agreed to expand the scope of the arbitration beyond the original agreements" and empowered the arbitrator "to award attorney's fees . . . ." <u>Id.</u> at 843. We do not view the <u>Henry</u> case as supporting defendant's contention that a substantive legal foundation is necessary to pass the "procedural gate." Rather, the court simply noted that the arbitrator likely had an additional source of authority in law to grant the award, while relying on the consent of the parties. Thus, the holding in <u>Henry</u> bolsters plaintiffs' contention that a dual request for fees confers jurisdiction upon AAA arbitrators to not only consider the award of fees but to grant them.

Lastly, defendant contends <u>Interchem Asia 2000 PTE Ltd. v. Oceana Petrochemicals AG</u>, 373 F. Supp. 2d 340 (S.D.N.Y. 2005), supports its position that a party's request for fees merely submits the issue to the jurisdiction of the

16

arbitrator but does not provide an independent basis for an award. Like <u>Beacon</u> and <u>Henry</u>, <u>Interchem Asia</u> does not support that proposition. In fact, the case clearly held "[b]oth parties in their submissions to the arbitration requested attorney's fees, and therefore the [a]rbitrator was authorized to grant [the] request for fees in his [a]ward." <u>Id.</u> at 354. Contrary to defendant's contentions, this case, like the others, supports plaintiffs' arguments.[5]

Moreover, in denying defendant's motion for reconsideration, Judge Seltzer reasoned:

> Once the award of fees comes within the jurisdiction of the arbitrator, the award [is] limited only by the proper exercise of the arbitrator's discretion in determining what is just and equitable. AAA Rule 47(a) ("The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties . . ."). I have reviewed

---

[5] Defendant mischaracterizes the findings and conclusions in <u>Interchem Asia</u>. For example, defendant's brief includes a citation with the explanatory hypothetical of, "we would confirm the award if we independently found legal grounds to do so" for the premise that the court required independent legal grounds to confirm the arbitrator's award. The court concluded, based on both parties submitting a request for fees, that "the award of attorney's fees . . . was within the scope of the [a]rbitrator's authority." <u>Ibid.</u> Independent legal grounds were not needed for that purpose, but for the court's later conclusion that "[t]he [a]rbitrator's reference in one part of the [a]rbitration [a]ward to his award of attorney's fees as an imposition of sanctions does not change the fact that such an award was within the scope of the [a]rbitrator's authority." <u>Ibid.</u> The court reasoned that "even absent a plausible reading free of error, <u>we would confirm the award if we independently found legal grounds to do so</u>." <u>Ibid.</u> (emphasis added). The holding is irrelevant to the matter under review.

the billing and although the amounts are not always easy to determine, I am satisfied that each entry represents a reasonable and necessary expenditure of legal effort.

The arbitrator was correct in defining the scope of his consideration in awarding fees. Since the matter was referred to Judge Seltzer under Rule 47(d)(ii), he was not limited by law or agreement, only Rule 47(a), mandating the remedy chosen be "just and equitable." We note that defendant did not argue the amounts sought were unreasonable.

The findings of the arbitrator and his award of counsel fees to plaintiffs are supported by the competent credible evidence presented to him, and we discern no basis to disagree with those factual findings. The trial court correctly confirmed the arbitrator's award and we discern no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4531-18T3