CURRIER, J.A.D.
*317 In this matrimonial action, we consider the effect of an unenforceable clause inserted by counsel into an agreement to arbitrate entered pursuant to the New Jersey Arbitration Act (Act), N.J.S.A. 2A:23B-1 to -32. Because we find that the illegal clause does not affect or defeat the dominant purpose of the agreement, the offending clause may be severed, leaving the remainder of the *318 agreement enforceable. As plaintiff Robert Curran has not demonstrated any of the limited grounds specified in the Act to either modify or vacate the arbitration award, we affirm the trial court's order confirming the award.
After Robert Curran filed for divorce from his wife of twenty years, defendant Debra Curran,[1] the parties, with counsel, entered into a consent order referring issues incident to their divorce to arbitration pursuant to the Act. In the order, entitled "Referral to Binding Economic Arbitration," the parties acknowledged in paragraph 3 that "the [c]ourt is required to confirm and enforce the [a]rbitration award unless good cause exists to set aside or modify the Award under one of the following limited grounds for a court vacating *1027 an Arbitration Award, permitted by the New Jersey Arbitration Act." The remainder of the paragraph quoted N.J.S.A. 2A:23B-23 and the specific circumstances under which an award may be vacated.[2] *319 Paragraph 3A was a handwritten provision inserted by Debra's counsel. It read: "The parties reserve their rights to appeal the arbitrator's award to the appellate division as if the matter was determined by the trial court." Both parties initialed the notation.
The parties also signed a retainer agreement for the arbitrator in which they agreed to be bound by the arbitrator's decision, which was not appealable other than in accordance with the provisions of the Act. The retainer further stated: "The parties ... represent that upon advice of counsel they have been made fully aware that they gave up their right of appeal by entering into binding arbitration." The section entitled "Procedural Guidelines" provided that "[t]he parties agree that the Final Award will be the final and binding resolution of the disputes in their matrimonial litigation. Judgment may be entered on the award according to law. There shall be no appeal, except for reasons set forth in N.J.S.A.... 2A:23B-24."
After the arbitrator entered a preliminary arbitration award, Robert requested reconsideration. In June 2015, the arbitrator issued his findings of fact and conclusions of law, and a final arbitration award was entered in July. In October 2015, Robert filed a motion in the Law Division to modify the arbitration award, asserting eight "mistakes of law" by the arbitrator, including alimony and equitable distribution issues. He cited to paragraph 3A as his authority for the trial court's review. In response, Debra filed a cross-motion to confirm the award.
In an oral decision following argument on November 13, 2015, the trial judge referred to the Act and concluded that there was no evidence presented to vacate the award under any of the grounds listed under N.J.S.A. 2A:23B-23. He also noted that there was no provision under the Act to permit a direct appeal from an arbitrator's decision to the Appellate Division. In addressing paragraph 3A, the judge stated: "The parties are not permitted to create subject matter jurisdiction by agreement which I think they *320 tried to do here. The authority of a court to hear and determine certain classes of cases rests solely with the Constitution and the Legislature." He concluded that paragraph 3A was unenforceable.
The judge determined that:
*1028 the parties intended something more than just a review of the grounds in [ N.J.S.A. 2A:23B-28 ] and then passing this on to the Appellate Division, I think there's room to find here that the parties intended a little more, more review than that.
So with that in mind, I'm going to in essence act as the Appellate Division of the arbitrator in this case.
Therefore, he performed a comprehensive review of the challenged portions of the award, referring to the arbitrator's findings of fact and determinations in the award, and citing to the applicable case law and statutes. The judge confirmed the arbitration award and entered an order reflecting his oral rulings on the same date.
Contrary to his motion in the trial court that requested modification of only certain portions of the award, Robert asserts on appeal, for the first time, that paragraph 3A is illegal and voids the entire arbitration agreement and subsequent proceedings. He contends that the trial judge erred in failing to vacate the award.[3] Robert reiterates his arguments that the arbitrator erred in the award of alimony and equitable distribution of the parties' second home. "Our standard of review of the validity of an arbitration agreement, like any contract, is de novo." Morgan v. Sanford Brown Inst., 225 N.J. 289, 302, 137 A.3d 1168 (2016).
It is undisputed that the parties agreed to submit all unresolved issues arising out of their matrimonial litigation to binding arbitration pursuant to N.J.S.A. 2A:23B-1 to -32. " '[A]rbitration ... is a favored means of dispute resolution[,]' ... [and] [i]t is well-settled that New Jersey's strong public policy favors settlement of disputes through arbitration." Minkowitz v. Israeli, 433 N.J. Super. 111, 131, 77 A.3d 1189 (App. Div. 2013) (quoting *321 Hojnowski v. Vans Skate Park, 187 N.J. 323, 342, 901 A.2d 381 (2006) ). Our Supreme Court has lauded the benefits of using arbitration in the resolution of family litigation as "an effective alternative method of dispute resolution." Id. at 132, 77 A.3d 1189 (quoting Faherty v. Faherty, 97 N.J. 99, 107, 477 A.2d 1257 (1984) ); see also Fawzy v. Fawzy, 199 N.J. 456, 973 A.2d 347 (2009).
The goal of arbitration is to bring the parties' issues to a final resolution, "in a speedy, inexpensive, expeditious, and perhaps less formal manner" than full-blown litigation in court culminating in a lengthy trial. Minkowitz, 433 N.J. Super. at 132, 77 A.3d 1189. As a result, the court's role is limited following the parties' agreement to proceed in an arbitral forum. Most importantly, the judiciary has no role in the determination of any substantive issues that the parties have agreed to arbitrate.
From the judiciary's perspective, once parties contract for binding arbitration, all that remains is the possible need to: enforce orders or subpoena issued by the arbitrator, which have been ignored, N.J.S.A. 2A:23B-17(g) ; confirm the arbitration award, N.J.S.A. 2A:23B-22 ; correct or modify an award, N.J.S.A. 2A:23B-24, and in very limited circumstances, vacate an award N.J.S.A. 2A:23B-23. If not for this limitation on judicial intervention of arbitration awards, "the purpose of the arbitration contract, which is to provide an effective, expedient, and fair resolution of disputes, would be severely undermined."
[ Id. at 134 (quoting Fawzy, 199 N.J. at 470, 973 A.2d 347 ).]
*1029 Robert does not contend that he has satisfied any of the grounds enumerated under Section 23 of the Act to vacate the award. He argues instead, that paragraph 3A is illegal because it permits a direct appeal of the award to the Appellate Division.[4] Robert asserts that the illegality of the clause renders the arbitration award void in its entirety.
Parties who enter into agreements pursuant to the Act "are free to invoke [the Act's] procedures in toto or subject to agreed[-]upon modifications." Van Duren v. Rzasa-Ormes, 394 N.J. Super. 254, 265, 926 A.2d 372 (App. Div. 2007) (quoting *322 Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 149, 712 A.2d 180 (1998) ) (alterations in original). "Thus, even in the context of the Act's highly circumscribed scope of judicial review of arbitration awards, the parties may voluntarily elect to expand that review by providing for such expansion in their contract." Ibid. Here, the insertion of paragraph 3A was counsel's attempt to expand the judicial scope of review.
As the trial judge found, parties may not bypass the trial court and seek immediate appellate review. The parties cannot create subject matter jurisdiction by agreement. "The authority of a court to hear and determine certain classes of cases rests solely with the Constitution and Legislature." Weinstock v. Weinstock, 377 N.J. Super. 182, 190, 871 A.2d 776 (App. Div. 2005). The Act does not permit a direct appeal from an arbitrator's decision. The only recourse available to the parties is the review by the trial court provided under the statute.
We must consider, then, whether the trial judge's decision to sever paragraph 3A and enforce the remainder of the arbitration award was appropriate or whether the illegal clause voids the entire award. We "must determine whether the unenforceability of [the] provision[ ] renders the remainder of the contract unenforceable. In other words, should we sever the offending portion and enforce the remainder ... ?" Jacob v. Norris, 128 N.J. 10, 32, 607 A.2d 142 (1992). "If striking the illegal portion defeats the primary purpose of the contract, we must deem the entire contract unenforceable. However, if the illegal portion does not defeat the central purpose of the contract, we can sever it and enforce the rest of the contract." Id. at 33, 607 A.2d 142.
The primary purpose of the agreement was the resolution of the issues incident to the parties' divorce through binding arbitration pursuant to the Act. This is evident from the contractual language stating: "The Parties having determined that such issues be referred to binding Arbitration pursuant to the New Jersey Arbitration Act, N.J.S.A. 2A:23B-1 et. seq.... The parties shall *323 attend binding Arbitration pursuant to the New Jersey Arbitration Act, N.J.S.A. 2A:23B-1 et. seq." The parties attached an inclusive list to the agreement of all of the issues they intended the arbitrator to consider and resolve. The purpose of the agreement was for a final resolution of those issues. The arbitration agreement noted in multiple provisions that it was binding and not appealable, other than the limited grounds specified under the Act to modify or vacate an award.
Paragraph 3A did not defeat the parties' intent to have their matrimonial litigation determined and considered by an arbitrator in an expeditious and comprehensive manner. After reviewing the parties' submissions, the arbitrator rendered a preliminary award. Oral argument was heard on Robert's application for reconsideration of *1030 the award. The arbitrator subsequently issued comprehensive findings of fact and conclusions of law, and a detailed final award.
Robert's application to the Law Division was for a modification of the award, and he sought the court's review on the merits on several specific issues with which he disagreed. He received that review by the trial judge who carefully considered each of Robert's arguments. The trial judge did not find grounds on which to either modify or vacate the final award. As a result, the award was confirmed.
Robert did not argue to the trial judge that the final award was rendered void as a result of paragraph 3A. To the contrary, he argued that the intent of the provision was not "to by-pass the Trial Court and go straight to the Appellate Division, but rather to have the Arbitration Award be subject to modification by the Trial Court, with the right thereafter preserved to appeal to the Appellate Division from an adverse ruling by the Trial Court." This intent was achieved. There was consideration by the trial judge and a determination on Robert's points of contention.
We are satisfied that the purpose of the parties' agreement was accomplished by the arbitration proceeding and subsequent review of the final award by the trial judge. Severance of paragraph 3A
*324 does not defeat the primary purpose of the agreement. To the contrary, a revocation of the final award would only serve to frustrate the parties' intent of reaching a final resolution to their matrimonial litigation and defeat the purpose of the arbitration agreement. The agreement is valid and enforceable.
Having determined the severed clause does not affect the enforceability of the agreement, we address the judge's order confirming the final award. As stated, Robert does not contend that there was fraud, corruption or similar wrongdoing on the part of the arbitrator and, therefore, he has not met his burden to vacate the award. See Minkowitz, 433 N.J. Super. at 136, 77 A.3d 1189 (holding that a party seeking to vacate an arbitration award bears a heavy burden in light of the strong judicial presumption in favor of the award). As a result, we discern no basis to disturb the arbitrator's award.
Affirmed.

For the ease of the reader, we refer to the parties by their first names. We mean no disrespect.

a. Upon the filing of a summary action with the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
(1) the award was procured by corruption, fraud, or other undue means;
(2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
(3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;
(4) an arbitrator exceeded the arbitrator's powers;
(5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to subsection c. of section 15 of this act not later than the beginning of the arbitration hearing; or
(6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in section 9 of this act so as to substantially prejudice the rights of a party to the arbitration proceeding.
[N.J.S.A. 2A:23B-23.]

If this court is not inclined to vacate the award, then Robert asks in the alternative that the case be remanded for the trial court to create a "record that is reviewable as to findings and conclusions."

Debra does not dispute the illegality of paragraph 3A.