**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4523-16T2

FRANK TROBIANO and
MANCHESTER
ENVIRONMENTAL SERVICES,
LLC,

      Plaintiffs-Appellants,

v.

DANIEL L. BROWN and
MILLENNIUM DISPOSAL, LLC,

      Defendants-Respondents.

_____

          Argued May 23, 2018 – Decided September 17, 2018

          Before Judges Koblitz and Suter.

          On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2166-17.

          Andrew T. Fede argued the cause for appellants (Archer & Greiner, PC, attorneys; Andrew T. Fede, of counsel and on the brief).

          Respondents have not filed briefs.

The opinion of the court was delivered by

SUTER, J.A.D.

Plaintiffs Frank Trobiano and Manchester Environmental Services, LLC (Manchester), appeal the May 12, 2017 order that denied their request to modify the arbitration award to include reimbursement for attorney's fees and costs, and the arbitrator's fees. We affirm the denial. The May 12, 2017 order also confirmed a final arbitration award entered in favor of plaintiffs against defendants Daniel L. Brown and Millennium Disposal, LLC (Millennium). Plaintiffs do not appeal that portion of the order.

Trobiano, the owner and manager of Manchester, and Brown, the owner of Millennium, signed a membership interest purchase agreement (MPA) in July 2015, under which Brown agreed to sell his interest in Millennium for an interest in Manchester. The sale was conditioned on obtaining approvals from the Department of Environmental Protection (DEP) because Millennium was engaged in solid waste collection, transportation and disposal.

Plaintiffs claimed that defendants breached the MPA the following year by presenting them with a "Termination and Mutual Agreement." Plaintiffs filed an order to show cause and verified complaint to compel arbitration of this dispute. The trial court entered an order compelling arbitration, which noted defendants did not oppose arbitration.

An arbitration was conducted before a retired Superior Court judge, who heard testimony from the parties' witnesses. The arbitrator issued a written decision that awarded relief to plaintiffs. He concluded the MPA was a binding agreement, defendants failed to provide information required for DEP's approval of the MPA, and defendants breached the MPA. The arbitrator awarded plaintiffs $91,297 in damages, but excluded from that amount, rental expenses, attorney's fees, costs and accounting expenses, "as there never was an agreement that the [d]efendant[s] would share in th[o]se expenses." The arbitrator did not award plaintiffs attorney's fees for the arbitration. He was "not satisfied that the [d]efendants' position was not offered in good faith or without a reasonable basis in law and fact."

Plaintiffs asked the arbitrator to modify the award to include attorney's fees and costs. They contended that subsection 5.6(c) of the MPA required an award of attorney's fees. That subsection provided:

> (c) If it is determined by the arbitrator that one party was in default hereof or instituted (or defended) such arbitration proceeding not in good faith or without a reasonable basis in law or fact ("Defaulting Party"), the Defaulting Party shall bear the costs of the arbitration proceeding and pay to the other party or parties the reasonable attorney's fees and costs incurred in such proceeding, which amounts shall be separately determined by the arbitrator in such proceeding and become part of the amount of the arbitration award,

payable by the Defaulting Party to the other party or
parties.

Plaintiffs argued that defendants "defaulted" under the MPA when they breached the agreement and that this triggered the requirement to pay attorney's fees. The arbitrator declined to modify the award, because he was "without jurisdictional authority to 'clarify' [his] opinion."

Plaintiffs then filed an order to show cause and verified complaint in the Superior Court asking to confirm the final arbitration award "in the amount of $91,297 plus interest at the judgment rate," and to modify it to include attorney's fees and costs from the arbitration and the arbitrator's fees. Plaintiffs also requested attorney's fees and costs related to the confirmation action.

On May 12, 2017, the trial court confirmed the final arbitration award of $91,297 plus interest, but denied plaintiffs' request for attorney's fees and costs. The court found "no persuasive evidence demonstrating evident partiality, corruption, fraud, or dishonesty in the '[a]rbitrator's handling of this matter.'" The court stated that although plaintiffs did not agree with the "[a]rbitrator's interpretation of the attorney's fees provision . . . that is not a basis on which this court should modify the [a]ward."

On appeal, plaintiffs contend the trial court erred by not modifying the arbitration award to include attorney's fees and costs, arguing that payment of

4

their attorney's fees is required under the MPA. Plaintiffs assert the MPA's reference in section 5.6(c) to a party "in default" is a fee-shifting provision that requires an unsuccessful party to pay the attorney fees of a prevailing party. Plaintiffs also seek attorney's fees and costs for their application to confirm and modify the arbitration award.

"'[A]rbitration . . . is a favored means of dispute resolution[,]' . . . [and] [i]t is well-settled that New Jersey's strong public policy favors settlement of disputes through arbitration." Curran v. Curran, 453 N.J. Super. 315, 320 (App. Div. 2018) (quoting Minkowitz v. Israeli, 433 N.J. Super. 111, 131 (App. Div. 2013) (alterations in original) (other citations omitted)). The scope of judicial review of an arbitration award is limited. Tretina Printing, Inc. v. Fitzpatrick & Assocs., 135 N.J. 349, 358 (1994). An arbitrator's award "is entitled to a presumption of validity." Twp. of Wyckoff v. PBA Local 261, 409 N.J. Super. 344, 354 (App. Div. 2009).

An arbitrator may award reasonable attorney's fees and reasonable expenses of arbitration "if such an award is authorized . . . by the agreement of the parties to the arbitration proceeding." N.J.S.A. 2A:23B-21(b). The scope of an arbitrator's authority is "limited by the agreement of the parties." Block v. Plosia, 390 N.J. Super. 543, 555 (App. Div. 2007). The American Rule applies

where the contract does not expressly require fee-shifting. Rock Work, Inc. v. Pulaski Const. Co. Inc., 396 N.J. Super. 344, 350-51 (App. Div. 2007).

Under the New Jersey Arbitration Act (Arbitration Act), N.J.S.A. 2A:23B–1 to –32, an arbitration award can be modified or corrected by a court in limited instances as follows:

> a. Upon filing a summary action within 120 days after the party receives notice of the award pursuant to section 19 of this act or within 120 days after the party receives notice of a modified or corrected award pursuant to section 20 of this act, the court shall modify or correct the award if:
>
> (1) there was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;
>
> (2) the arbitrator made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or
>
> (3) the award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.
>
> b. If an application made pursuant to subsection a. of this section is granted, the court shall modify or correct and confirm the award as modified or corrected. Otherwise, unless an application to vacate is pending, the court shall confirm the award.
>
> c. An application to modify or correct an award pursuant to this section may be joined with an application to vacate the award.

[N.J.S.A. 2A:23B-24.]

"Notwithstanding the apparently broad scope of the court's powers to alter an arbitrator's award as described in the statutory language, our courts have not traditionally interpreted the statutory language broadly." Kimm v. Blisset LLC, 388 N.J. Super 14, 29 (App. Div. 2006) (citations omitted).

We agree with the trial court that plaintiffs were not entitled to a modification of the arbitration award. N.J.S.A. 2A:23B-24(a)(1) did not apply because plaintiffs did not contend the arbitrator made an "evident mathematical miscalculation or mistake in the description of a person, thing, or property referred to in the award." Ibid. N.J.S.A. 2A:23B-24(a)(2) did not apply because the issue of attorney's fees was submitted to the arbitrator. Plaintiffs' damages claim included a request for pre-arbitration legal fees. They also acknowledged the arbitrator could decide the amount of their requested fees, but not whether they were entitled to fees. N.J.S.A. 2A:23B-24(a)(3) did not apply because plaintiffs did not contend the award was "imperfect in a matter of form." Ibid. Because part of the award by the arbitrator was the denial of plaintiffs' request for fees, if the award were modified, as requested by plaintiffs, it would have "affected the merits of the decision upon the claims submitted." Ibid. The trial

court did not err, therefore, by denying plaintiffs request to modify the arbitration award because none of the statutory grounds applied.

Plaintiffs contend the arbitrator exceeded his authority by denying the requested fees. The arbitrator's construction is not without support within the MPA. The MPA did not expressly provide that the party who "prevailed" in the arbitration was entitled to fees. The MPA used the term "defaulting party," which plaintiffs have construed to mean the party that lost in the arbitration. If that were so, however, there would be no need to define "defaulting party" as one who lacks "good faith" or whose position lacks a "reasonable basis in law or fact"; presumably such parties would not be successful in the arbitration, making those portions of the paragraph redundant. Another subsection of the MPA (Section 5.6 (g)) uses the term "unsuccessful party"; it does not use the term "defaulting party." If a "defaulting party" is an "unsuccessful party," the MPA could have simply used that term; use of "unsuccessful" raises doubt about whether a defaulting party means an unsuccessful one.

Plaintiffs argue the trial court should have awarded attorney's fees and costs incurred in the summary action when it entered its order confirming the arbitration award. N.J.S.A. 2A:23B-25(b) provides that "[a] court may allow reasonable costs of the summary action and subsequent judicial proceedings." An award of attorney's fees under N.J.S.A. 2A:23B-25(b) is discretionary rather

A-4523-16T2

than mandatory. We discern no abuse of discretion in the court's order not to award attorney's fees.

We are satisfied that the trial court did not err in denying plaintiffs' request to modify the arbitration award to allow for payment of plaintiffs attorney's fees or costs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4523-16T2