**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1392-19T1

ROBERT J. HITSCHERICH,

     Plaintiff-Appellant,

v.

JOSEPH C. ZISA, JR. and ZISA
and HITSCHERICH, a partnership,

     Defendants-Respondents.

_____

              Argued telephonically May 13, 2020 –
              Decided June 3, 2020

              Before Judges Fuentes, Mayer and Enright.

              On appeal from the Superior Court of New Jersey, Law
              Division, Bergen County, Docket No. L-8145-16.

              S.M. Chris Franzblau argued the cause for appellant
              (Franzblau Dratch, attorneys; S.M. Chris Franzblau, on
              the briefs).

              Christine Gillen argued the cause for respondents
              (Diktas Gillen, PC, attorneys; Christos J. Diktas, of
              counsel; Christine Gillen, on the brief).

PER CURIAM

Plaintiff Robert J. Hitscherich appeals from a November 8, 2019 order denying his motion to modify or correct a mathematical error in an arbitration award and confirming the arbitrator's award. We affirm.

Plaintiff and defendant Joseph C. Zisa, Jr. were partners in the law firm of defendant Zisa & Hitscherich (Z&H) until the firm dissolved in 2015. Upon dissolution of Z&H, the parties disputed the fees to be allocated to each partner. Plaintiff filed suit to recoup his share of the fees from Z&H. In 2016, instead of litigating in a judicial forum, the parties signed a "post mediation agreement," agreeing to resolve their dispute by way of binding arbitration before Assignment Judge Peter E. Doyne (Ret.). Judge Doyne conducted hearings, heard testimony, and reviewed documents to determine the fee allocation between the parties. In a written May 7, 2019 arbitration decision, based in part on a mathematical formula utilized by Zisa's accountant expert, Judge Doyne determined plaintiff owed Zisa approximately $30,000, representing Zisa's share of the fees earned by Z&H. Plaintiff subsequently petitioned the arbitrator to correct mathematical mistakes and omissions in his award.

In a June 18, 2019 final determination, Judge Doyne modified his earlier award and determined defendants' owed plaintiff approximately $70,000. After

denying subsequent motions for reconsideration filed by the parties, Judge Doyne entered a final arbitration award for plaintiff in the amount of $71,152.26.

On September 23, 2019, plaintiff filed a motion in the Superior Court to "vacate the arbitration award, correct mathematical errors and change of venue." The parties submitted certifications and briefs in support of their respective positions. In denying the motion, the motion judge noted in his November 8, 2019 order, "[n]o cognizable brief or action for relief presented to support the present application to this court. The arbitration award issued by the Hon. Peter E. Doyne A.J.S.C. (Ret.) is confirmed."

Plaintiff appeals from the denial of his motion to vacate, correct, or modify the arbitration award based on "evident mathematical miscalculation." Plaintiff does not claim fraud, corruption, or other misconduct on the part of the arbitrator.

Appellate review of a trial court's decision on a motion to modify an arbitration award is narrow. Fawzy v. Fawzy, 199 N.J. 456, 470 (2009). "Basically, arbitration awards may be vacated only for fraud, corruption, or similar wrongdoing on the part of the arbitrators. [They] can be corrected or modified only for very specifically defined mistakes. . . ." Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994) (alteration in original)

A-1392-19T1

(quoting Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 548 (1992) (Wilentz, C.J., concurring)).  By statute, courts may modify or correct awards only if

> (1) there was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;
>
> (2) the arbitrator made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or
>
> (3) the award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.
>
> [N.J.S.A. 2A:23B-24(a).]

Absent compelling public policy reasons, an arbitrator's errors of law or fact do not provide a trial court with a basis to disturb the arbitration award. Selective Ins. Co. v. Nat'l Cont'l Ins. Co., 385 N.J. Super. 62, 67 (App. Div. 2006) (citing Tretina Printing, 135 N.J. at 357-58).  "[T]he judiciary has no role in the determination of any substantive issues that the parties have agreed to arbitrate."  Curran v. Curran, 453 N.J. Super. 315, 321 (App. Div. 2018).

Under the New Jersey Uniform Arbitration Act (Act), N.J.S.A. 2A:23B-1 to -32, arbitrators are vested with broad powers.  Minkowitz v. Israeli, 433 N.J. Super. 111, 144 (App. Div. 2013).  Arbitrators are empowered by statute to

"determine the admissibility, relevance, materiality, and weight of any evidence." N.J.S.A. 2A:23B-15(a).

We first address plaintiff's reliance on N.J.S.A. 2A:24-8 in support of vacating the arbitration award. That statute was superseded by the Act, which applies to private arbitration agreements made after January 1, 2003. See Kimm v. Blisset, LLC, 388 N.J. Super. 14, 28 (App. Div. 2006) (citing N.J.S.A. 2A:23B-3(a)). Because the parties' written agreement is dated 2016, N.J.S.A. 2A:24-8 is inapplicable, and therefore we do not consider plaintiff's arguments under the superseded statute.

In his motion to the trial court, plaintiff cited N.J.S.A. 2A:23B-24 in support of modification or correction of the arbitration award. Plaintiff never relied on N.J.S.A. 2A:23B-23, which is the statute governing vacation of an arbitration award. While plaintiff argued the arbitrator exceeded his scope of authority, that is not a cognizable basis for modification or correction of an arbitration award under N.J.S.A. 2A:23B-24.

N.J.S.A. 2A:23B-24(a)(1) provides for modification or correction of an award if "there was an evident mathematical miscalculation." In Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., our Supreme Court noted "the Legislature intended that courts correct mistakes that are obvious and simple –

errors that can be fixed without a remand and without the services of an experienced arbitrator."  135 N.J. at 360.

Here, plaintiff claimed the arbitrator made mathematical errors in arriving at the final arbitration award.  Plaintiff had the burden of demonstrating the evident mathematical miscalculations in the award.  Instead, he disputed the factual evidence relied upon by the arbitrator in rendering his allocation.  Such arguments are precluded from appellate review.  See Ukrainian Nat'l Urban Renewal Corp. v. Joseph L. Muscarelle, Inc., 151 N.J. Super. 386, 396 (App. Div. 1977) (holding an arbitrator's review of evidence which led to "factual determinations concerning the merits of the dispute . . . are not reviewable by the courts").

Plaintiff failed to demonstrate evident mathematical miscalculations or errors by the arbitrator.  A court is empowered to correct or modify "simple arithmetical errors, such as 2 + 2 = 5."  Tretina Printing, 135 N.J. at 359.  Judge Doyne rendered a detailed and comprehensive arbitration award based upon his review and assessment of the evidence presented by the parties.  He painstakingly set forth the formula in support of his fee allocation, explaining how and why he arrived at the sum awarded.  Plaintiff provided no "obvious or simple" calculation showing "evident" mathematical errors by the arbitrator.

A-1392-19T1

Absent an evident mathematical miscalculation, the judge properly rejected plaintiff's motion to correct or modify the arbitrator's award.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1392-19T1