**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1957-18T1

ANDREW R. CACCIATORE,

     Plaintiff-Respondent,

v.

JAMIE A. CACCIATORE,
n/k/a JAMIE A. WELKIS,

     Defendant-Appellant.

_____

Submitted May 26, 2020 – Decided July 8, 2020

Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1075-07.

Jamie A. Cacciatore, appellant pro se.

Dale Carol Krouse, attorney for respondent.

PER CURIAM

In this post-judgment matrimonial matter, defendant Jamie A. Cacciatore, n/k/a Jamie A. Welkis, appeals from the motion judge's November

2, 2018 order that denied her motion to enforce litigant's rights or, alternatively, to modify or vacate a consent order executed between her and plaintiff Andrew Cacciatore, which established their respective obligations for the post-secondary college expenses of their daughter. The consent order provided that plaintiff's obligation to pay child support would extinguish upon the parties' daughter turning eighteen. In exchange, plaintiff agreed to pay for their daughter's college expenses, up to a yearly contribution of $30,000.

On appeal, defendant argues that the judge erred in rejecting her argument that the consent order should be modified to require defendant to pay $120,000, rather than the actual costs incurred by their daughter, who opted to attend Bergen County Community College (BCC). Defendant also argues that the judge erred in granting plaintiff's cross-motion to enforce the consent order as written and to compel defendant to pay his counsel fees. We affirm.

## I.

We discern the following facts from the record. On July 4, 1998, defendant and plaintiff were married. In 2000, the parties' daughter was born. On February 26, 2007, the parties obtained a final judgment of divorce (JOD) and executed a property settlement agreement (PSA). Section nine of the PSA provided that "[b]oth parties acknowledge an obligation to contribute to [their

daughter's] post-secondary educational expenses. 'Expenses' shall be defined to include but not be limited to tuition, room and board, computer, registration fees, student fees, other fees billed directly by the institution, required books, supplies and laboratory materials, and transportation expenses." They stipulated that due to their daughter's young age at the time of the consent order, they would determine how to split education expenses at a later date, and if they could not agree then, they would resolve the issue in court.

On March 18, 2016, the parties executed a consent order, modifying the terms of the PSA that concerned their obligations with respect to child support and their daughter's college expenses. Under the terms of the consent order, plaintiff agreed to continue paying monthly child support of $1087 until the parties' daughter turned eighteen, at which point child support payments would permanently cease. Plaintiff agreed that, as part of the consideration for his child support obligation ending, he would "be solely responsible for the cost of up to four years of [the daughter's] full time, continuous college education of tuition, room and board, required fees and books, said college attendance commencing in the fall following [the daughter's] graduation from high school, with a maximum cap of $30,000 per year."

A-1957-18T1

The parties agreed that they, together with their daughter, would jointly decide where the daughter would attend college, "after discussion and consideration of [her] high school academic record, her college academic interests and intended major and career plans, if known at the time, and other relevant considerations as to [her] best interests, recognizing the $30,000 maximum contribution per year from . . . plaintiff." The parties also agreed that if plaintiff and the parties' daughter could not agree on a college with an annual tuition of less than $30,000, and she chose to attend a school with a greater annual tuition, the daughter would be personally responsible for any excess cost.

Finally, the consent order also stipulated,

> Both parties agree that they have had the opportunity to consult with and discuss the terms of this [c]onsent [o]rder with independent counsel and to consider the terms of this agreement thoroughly and carefully before signing it. Both parties acknowledge that they are entering into this [c]onsent [a]greement willingly and voluntarily, with no coercion or pressure from the other or any third party, and both parties believe that this agreement is fair and equitable to both of them based upon their respective personal and financial circumstances . . . however, most importantly, both parties agree that this agreement is in [their daughter's] best interests.

4

On September 24, 2018, defendant moved to enforce litigant's rights, or, alternatively, to modify or vacate the March 2016 consent order based on changed circumstances, and sought further relief. Specifically, defendant requested that the judge require plaintiff to contribute $30,000 per year over the course of four years, during which the parties' daughter would be attending college; reestablish plaintiff's child support obligation to contribute toward costs incurred by defendant in caring for their daughter; require plaintiff to carry a $500,000 life insurance policy for their daughter's benefit; compel plaintiff to provide defendant with certain documents pertaining to his income, including tax returns between 2015 and 2017; set a date for a plenary hearing on issues concerning child support and expenses; order plaintiff to pay child support retroactive to January 1, 2018; and order plaintiff to pay counsel fees and costs.

In support of her motion, defendant explained that at the time the parties executed the March 2016 consent order, she just had surgery, she was anxious and heavily medicated, and she did not have an attorney to explain the nature of the agreement. Defendant claimed that under their agreement, plaintiff was to pay a fixed amount of $30,000 per year during the time their daughter would be attending a four-year college, and he had impermissibly reduced his amount

paid per year to around $8000, representing the yearly tuition at BCC where their daughter decided to attend school. Defendant claimed that to construe the agreement otherwise would not be in their daughter's best interests.

Defendant alternatively argued that the agreement should be modified based on changed circumstances because at the time of the order, the parties had anticipated that their daughter would attend the Fashion Institute of Technology (FIT), which had a significantly higher yearly tuition than BCC, and that she would be living on campus. Instead, she was now commuting and living at home while attending college. Defendant argued that their daughter's choice to attend a community college had reduced plaintiff's financial obligations, while defendant's had increased. She also argued that after the parties executed the March 2016 consent order, her medical expenses increased because their daughter began to suffer from depression, requiring defendant to pay for various treatments. She further claimed that plaintiff's salary had increased since the parties executed the March 2016 consent order, while hers had fluctuated.

In response, plaintiff filed a cross-motion. Plaintiff sought to enforce the terms of the consent order as written and requested that the judge deny defendant's motion in its entirety. Plaintiff also requested counsel fees from

defendant, claiming that she filed her motion in bad faith. On October 17, 2018, defendant, who was up until this point represented by counsel, executed a substitution of attorney, thereafter proceeding pro se.

On November 2, 2018, after a motion hearing, Judge Avis Bishop-Thompson found that defendant did not move to vacate the parties' consent order within one year of its entry, as required by Rule 4:50-2. She also found that defendant did not move to reconsider within twenty days of the date the order was served upon her, pursuant to Rule 4:49-2. The judge further concluded that defendant had not satisfied any of the reasons enumerated in Rule 4:50-1, regarding relief from judgment or order.[1] Specifically, the judge found that there was no evidence supporting defendant's claims that she was under the influence of prescription medication when she agreed to the March 2016 consent order. The judge also found that paragraph seven of the March 2016 order clearly and unambiguously stipulated that the parties knowingly and voluntarily executed the agreement, which they acknowledged was in the

---

[1] The judge also found defendant's application was procedurally deficient as she failed to submit a brief in support of her motion, and she failed to annex a case information statement from when the parties had executed the consent order, as required by Rule 5:5-4(a)(4).

best interests of their daughter, and there was otherwise no indication that the agreement was arrived at by coercion, duress, or fraud.

The judge explained that she was constrained to enforce the agreement as written, unless doing so would lead to an absurd result, which was not the case here, as the agreement would leave the parties' daughter with minimal debt after college, if any, and was in her best interests. The judge concluded that the express wording of the agreement only required that plaintiff pay for college expenses actually incurred in the four years following the daughter's high school graduation, not a blanket amount of $30,000 per year during those years.

As to defendant's request that the judge modify the consent order, the judge found that defendant had failed to establish a substantial change in circumstances. The judge explained that defendant provided no basis for the modification, noting that her salary had increased between two-and-a-half to three times relative to what she had been making when the parties executed the consent order. The judge also denied requests from defendant that plaintiff take out a $500,000 life insurance policy and that child support be retroactively applied through August 31, 2018, finding that both were outside the scope of the parties' consent order.

Based on these reasons, the judge granted plaintiff's cross-motion to enforce the parties' consent order. As to plaintiff's application for counsel fees totaling $6713.70, the judge applied the factors enumerated in Rule 5:3-5(c), which provides that

> the court should consider, in addition to the information required to be submitted pursuant to [Rule] 4:42-9, the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

As to the financial circumstances of the parties, the judge determined that the parties were equally situated "and that there appears to be no great disparity of income, so that both parties are able to afford their attorney," although the judge noted that defendant had appeared pro se.

Regarding the parties' ability to pay their own fees and contribute to the other's fees, the judge noted that both parties are able to pay their own fees, and she relied on documentation from the Newark Board of Education, which showed that defendant was currently making $94,000 and had made slightly

more than $96,000 the prior year. The judge determined that defendant filed her motion with unclean hands and in bad faith because the parties' consent order was unambiguous regarding the parties' financial obligations; thus, the judge found that the parties' ability to pay was irrelevant. She likewise found, with respect to the reasonableness and good faith of the parties, that defendant's failure to timely move to reconsider or vacate the parties' consent order rendered her motion unreasonable and brought in bad faith.

Concerning the extent of fees incurred by the parties, the judge found that plaintiff had thus far expended $5726.20 in fees excluding his attorney's appearance at the hearing, while the judge recognized that defendant had certified that she had paid her attorney $7500, though there was no certification of services to corroborate this figure. The judge noted that the court had not previously awarded fees to either party, but plaintiff's counsel had not yet been paid.

As to the results obtained, the judge considered that she was denying defendant's motion in its entirety and granting plaintiff's cross-motion to enforce the consent order. The judge concluded that factor eight did not apply, and regarding any other factors bearing on the fairness of an award, she reiterated that the agreement was clear and unambiguous. Thus, after

10

considering these factors and the factors of <u>RPC</u> 1.5(a), the judge ordered that defendant pay plaintiff's counsel fees of $6713.70 within sixty days. That same day, the judge entered an order denying defendant's motion in its entirety and granting plaintiff's cross-motion to enforce the consent order and for counsel fees. This appeal ensued.

On appeal, plaintiff raises the following arguments:

> I: THE TRIAL COURT ERRED BY DENYING DEFENDANT['｝S MOTION TO ENFORCE LITIGANT[']S RIGHTS ALTERNATIVELY MODIFYING THE CONSENT ORDER FROM MARCH 19, 2016 FOR LACKING PROCEDURAL COMPLIANCE WITH . . . [<u>RULE</u>] 4:49(c), [<u>RULE</u>] 4:49-2, [<u>RULE</u>] 4:4-50(A-F), AND [<u>RULE</u>] 5:5-4.
>
> II: THE TRIAL COURT FAILED TO APPRECIATE THE FACTS AND EVIDENCE TO FIND CHANGED CIRCUMSTANCES OF INCOME DISPARITY, DAUGHTER'S MENTAL HEALTH ISSUES AND DAUGHTER[']S COMMUTING TO COMMUNITY COLLEGE, AND UNPAID COLLEGE EXPENSES.
>
> III: THE TRIAL COURT ERRED BY FAILING TO ORDER A FACT-FINDING PLENARY HEARING TO CONFIRM CHANGED CIRCUMSTANCES, BASING ITS DECISION ON ASSUMPTION OF PLAINTIFF'S COMPLIANCE WITH THE MARCH 2016 CONSENT ORDER PURSUANT TO NEW JERSEY STATE LAWS.
>
> IV: THE TRIAL COURT . . . ERRED GRANTING PLAINTIFF[']S CROSS MOTION TO ENFORCE MARCH 2016 CONSENT ORDER PARAGRAPHS 3,

4 AND 5, AS A WAIVER OF CHILD SUPPORT BY EITHER PARENT VIOLATES PUBLIC POLICY AND CHILD SUPPORT IS A LEGAL RIGHT.

V: THE TRIAL COURT . . . ERRED BY FAILING TO APPRECIATE THE FACTS, MISAPPLYING THE LAW, AND FACT-FINDING REQUIREMENTS BY DENYING CHILD SUPPORT ARREARS THAT ARE A PRECEDENT IN ALL [OF] THE PARTIES['] PSA'S.

VI: THE TRIAL COURT . . . ABUSED ITS DISCRETION IN ITS APPLICATION OF THE LAW, THE DOCTRINE OF UNCLEAN HANDS IN AWARDING PLAINTIFF[']S COUN[SEL] FEES TO DEFENDANT, DENYING DEFENDANT[']S FEES TO BE PAID BY . . . PLAINTIFF, AND VIOLATING . . . DEFENDANT'S RIGHTS TO DUE PROCESS WHEN DEFENDANT WAS DENIED THE OPPORTUNITY FOR REBUTTAL OR CLOSING STATEMENT PURSUANT TO . . . [RULE] 1:7-1.

We find no merit in defendant's arguments. We affirm substantially for the reasons set forth in the judge's thorough and well-reasoned November 2, 2018 oral decision. We add only the following comments.

II.

Our review of a Family Part judge's factual findings is limited. N.J. Div. of Youth & Family Servs. v. I.H.C., 415 N.J. Super. 551, 577 (App. Div. 2010). The judge's findings "are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-

12

12 (1998). We will only reverse if the judge's findings were "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Township of North Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, we give no deference to the judge's interpretation of the law. N.J. Div. of Youth & Family Servs. v. R.L., 388 N.J. Super. 81, 89 (App. Div. 2006). Likewise, we review the enforceability of a contract de novo. Curran v. Curran, 453 N.J. Super. 315, 320 (App. Div. 2018). "We owe no deference to the interpretative analysis of . . . the trial [judge] . . . except as we may be persuaded by . . . [his or her] reasoning[.]" Morgan v. Sanford Brown Inst., 225 N.J. 289, 303 (2016).

"[A] proceeding to enforce litigants' rights under Rule 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant.'" Pasqua v. Council, 186 N.J. 127, 140 (2006) (quoting Essex Cty. Welfare Bd. v. Perkins, 133 N.J. Super. 189, 195 (App. Div. 1975)). The purpose of relief afforded under Rule 1:10-3 is "to facilitate the enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997).

> [M]atrimonial agreements between spouses relating to alimony and support, which are fair and just, fall within the category of contracts enforceable in equity. Such agreements are essentially consensual and voluntary in character and therefore entitled to considerable weight with respect to their validity and enforceability notwithstanding the fact that such an agreement has been incorporated in a judgment of divorce.
>
> [Petersen v. Petersen, 85 N.J. 638, 642 (1981) (citations omitted).]

With these governing principles in mind, we agree with the judge's decision to enforce the terms of the parties' consent order as written. As the judge found, the terms of the order unambiguously established that plaintiff's maximum contribution towards the parties' daughter's college expenses would be $30,000 but that his expenses could be less, depending on her choice of school and other miscellaneous factors.

Further, the express terms of the order evinced that the parties had executed the agreement knowingly and voluntarily, and, as noted by the judge, there is no contrary evidence indicating that the agreement was the product of coercion, duress, or fraud, and the terms of the agreement did not produce an absurd result. See Quinn v. Quinn, 225 N.J. 34, 47 (2016) ("A narrow exception to the general rule of enforcing settlement agreements as the parties intended is the need to reform a settlement agreement due to

14

'unconscionability, fraud, or overreaching in the negotiations of the settlement[.]'" (alteration in original) (quoting Miller v. Miller, 160 N.J. 408, 419 (1999))); Petersen, 85 N.J. at 642.

We also affirm the judge's denial of defendant's request to either vacate or reconsider the March 2016 consent order. As the judge correctly found, defendant's motion, which was filed two-and-a-half years after the March 2016 order, was untimely as to both vacation and reconsideration. See R. 4:50-2 ("The motion [for relief from judgment or order] shall be made within a reasonable time, and for reasons (a), (b) and (c) of [Rule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken."); R. 4:49-2 ("Except as otherwise provided by [Rule] 1:13-1 (clerical errors) a motion for . . . reconsideration seeking to alter or amend a judgment or order shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made[.]").

Regardless, we also agree there were no changed circumstances warranting modification of the consent order. The order provided that all child support ceased upon the parties' daughter reaching the age of eighteen. As consideration for that agreement, plaintiff agreed to assume all costs for the

daughter's post-secondary education.  Plaintiff has abided by the agreement, resulting in the daughter having attended the school of her choice, while incurring little or no debt.  That the parties' daughter chose to attend BCC rather than FIT as the parties had at one point anticipated is not a change in circumstances that warrants modifying or vacating the consent order.

We also reject defendant's argument that the judge erred in awarding plaintiff counsel fees. The decision to award counsel fees in a family action lies within the discretion of the trial judge.  R. 5:3-5(c); Addesa v. Addesa, 392 N.J. Super. 58, 78 (App. Div. 2007).  That determination will be disturbed "only on the 'rarest occasion,' and then only because of clear abuse of discretion."  Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Here, we discern no abuse of discretion.  The judge carefully considered all of the factors set forth in Rule 5:3-5(c), and her finding that defendant's application was in bad faith, given the unambiguous terms of the agreement and the untimeliness of the application, is sufficiently supported by the record. Thus, we find no basis to disturb the fee award.

To the extent we have not addressed any of the parties' remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1957-18T1