**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3452-20

TIFFANY GUC and
TIFFENY CARR,

      Plaintiffs-Respondents,

v.

RAYMOURS FURNITURE
COMPANY, INC., d/b/a
RAYMOUR & FLANIGAN
FURNITURE, STEVEN
DEVINEY, and KARIN
DROMGOOLE,

      Defendants-Appellants.

_____

Argued December 15, 2021 – Decided March 11, 2022

Before Judges Gilson, Gooden Brown, and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0280-21.

Ivan R. Novich argued the cause for appellants (Littler Mendelson, PC, attorneys; Ivan R. Novich and Anastasia Stylianou, on the briefs).

Alan H. Schorr argued the cause for respondents (Schorr & Associates, PC, attorneys; Alan H. Schorr and Jenelle L. Hubbard, on the brief).

PER CURIAM

We consider whether plaintiffs are bound to arbitrate their employment-discrimination claims against their former employer. Defendants Raymours Furniture Company, Inc. (Raymours) and two of its managers appeal from an order denying their motion to compel arbitration. The trial court held that the arbitration agreements were unconscionable and unenforceable because they contained a time-limitation provision that our Supreme Court had invalidated. See Rodriguez v. Raymours Furniture Co., 225 N.J. 343 (2016). Raymours concedes that the time-limitation provision is unenforceable. It argues, however, that the provision should be severed, and the remainder of the arbitration agreements enforced.

We disagree. The arbitration agreements did not contain a severability clause. To sever the time-limitation provision from the arbitration provisions would involve a judicial rewrite of the parties' agreements, and courts do not rewrite contracts. Accordingly, we affirm the trial court's order refusing to compel arbitration.

Raymours is a retail seller of furniture with more than 130 stores located throughout the northeastern United States. Plaintiffs are former employees of Raymours, who reside in New Jersey. Plaintiff Tiffany Guc began working for Raymours in 2003, and plaintiff Tiffeny Carr began working for Raymours in 2018.

Raymours requires its employees to agree to arbitrate employment disputes. The arbitration terms were explained to Guc and Carr in an "Associate's Agreement & Consent" (Associate's Agreement) and an "Employment Arbitration Program" (Arbitration Agreement). Guc signed her agreements on March 19, 2014, and Carr signed her agreements on March 26, 2018.

The nearly identical Associate's Agreement signed by plaintiffs stated that an employee was agreeing to (1) arbitrate all claims against Raymours, and (2) file those claims with the arbitration administrator within 180 days. The agreement explained that "claims" included "employment and compensation-related claims, disputes, controversies or allegations" between the employee and Raymours. "Claims" were defined to include statutory claims, including claims under the "New Jersey Law Against Discrimination [LAD.]" The Arbitration

Agreement stated that the employee was waiving the right to go to court and to present claims to a jury. In addition, the Arbitration Agreement stated that the arbitration proceedings "shall comply with and be governed by" the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16.

Under paragraph three of the Associate's Agreement, an employee agreed to arbitrate

> all Claims against [Raymours] regarding my employment under the terms of and within the deadline set forth in the [Arbitration Agreement]. Such Claims must be filed with the arbitration Administrator defined in the [Arbitration Agreement]. I release and waive all rights I may have to file such Claims in court and further release and waive all rights I may have to have those Claims heard before and by a jury (and, where permitted by law, an administrative agency and/or an administrative law judge). I understand that if I attempt to assert any Claims against [Raymours] by means other than arbitration described in the [Arbitration Agreement], [Raymours] will have the unqualified right to require me to arbitrate such Claims in accordance with the [Arbitration Agreement].

In paragraph four of the Associate's Agreement, the employee further agreed to

> file an arbitration demand with the Administrator no later than 180 days after such Claims arise (no later than 270 days if I first follow the procedure for submitting a Claim Notice to [Raymours'] Legal Department). If I do not file my Claims with the Administrator within such time period, I will forever lose the right to seek

4

relief for such Claims. I waive any statute of limitations and administrative filing periods that might provide a longer period of time to file or seek relief for such Claims.

The Arbitration Agreement also stated:

A Claim must be filed with the Administrator within 180 days after it arises.

. . . .

If a Claim is not filed with the Administrator within the time period described above, the party wishing to assert it will forever waive and lose the right to seek relief for that Claim.

Guc was fired by Raymours in June 2020, allegedly for sending an inappropriate photograph to Carr. Carr resigned from her employment with Raymours in February 2021. The same month that Carr resigned, Guc and Carr filed a complaint against Raymours and two of its managers in the Law Division.[1] They alleged claims under LAD, including claims of disability discrimination, sexual harassment, retaliation, and unlawful termination of Guc. Defendants moved to compel arbitration and stay the Law Division action.

---

[1] We note that Guc and Carr are currently represented by the same attorney. It would be appropriate for the Law Division to ensure that Guc and Carr have provided informed consent to their joint representation.

5

After hearing oral argument, on July 28, 2021, the trial court issued an order and written decision denying defendants' motion to compel arbitration and stay the Law Division action. The trial court held that the Arbitration Agreement was unconscionable and unenforceable because it shortened LAD's two-year limitation period, contrary to New Jersey's public policy as found by our Supreme Court in Rodriguez. The trial court also refused to sever the time-limitation provision from the rest of the Arbitration Agreement, reasoning that the provision frustrates the entire agreement to arbitrate claims. Defendants now appeal from the July 28, 2021 order.

II.

Defendants argue that the trial court erred in failing to compel arbitration. They contend that only the time-limitation provision was unenforceable and that the other provisions concerning arbitration should have been severed and enforced. In addition, defendants argue that the trial court erred in finding that the Arbitration Agreement's reservation-of-rights provision was substantively unconscionable. We hold that the provisions of the Arbitration Agreement were intertwined and not severable. Accordingly, the Associate's and Arbitration Agreements were unconscionable because they contained a time-limitation

provision that our Supreme Court declared to be unenforceable as against public policy.

1.  The Arbitration Agreements.

The interpretation of an arbitration agreement and its enforceability are questions of law that we review de novo. Skuse v. Pfizer, Inc., 244 N.J. 30, 46 (2020); Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019); Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 445-46 (2014). Under both the FAA and New Jersey law, arbitration is fundamentally a matter of contract. 9 U.S.C. § 2; Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 67 (2010); NAACP of Camden Cnty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011). The FAA "places arbitration agreements on an equal footing with other contracts." Rent-A-Center, 561 U.S. at 67. Accordingly, "the FAA 'permits states to regulate . . . arbitration agreements under general contract principles,' and a court may invalidate an arbitration clause 'upon such grounds as exist at law or in equity for the revocation of any contract.'" Atalese, 219 N.J. at 441 (quoting Martindale v. Sandvik, Inc., 173 N.J. 76, 85 (2002)).

"An agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'" Id. at 442 (quoting NAACP, 421 N.J. Super. at 424). "A legally enforceable

agreement requires 'a meeting of the minds.'"  Ibid. (quoting Morton v. 4 Orchard Land Tr., 180 N.J. 118, 120 (2004)).  Consequently, to be enforceable, the terms of an arbitration agreement must be clear, and any legal rights being waived must be identified.  Id. at 442-43; see also Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 319-20 (2019).

In 2016, our Supreme Court held that a provision in a Raymours' employment application that shortened the two-year limitation period for bringing a LAD claim was unenforceable as against public policy.  Rodriguez, 225 N.J. at 365-66.  In making that ruling, the Court noted that "LAD occupies a privileged place among statutory enactments in New Jersey" because LAD seeks to "'eradicate' discrimination."  Id. at 355 (quoting Jackson v. Concord Co., 54 N.J. 113, 124 (1969)).  The Court explained:

> Review of the interplay between the LAD's administrative remedy and right to file in Superior Court, and the joint public and private interests that are advanced by [a] LAD discrimination claim pursued in either form, compel the conclusion that the contractual shortening of the LAD's two-year limitations period for a private action is contrary to the public policy expressed in the LAD.
>
> [Id. at 364.]

The Court based its ruling in Rodriguez on the public policy underlying LAD.  It also noted, however, that "courts may refuse to enforce contracts, or

discrete contract provisions, that are unconscionable." Id. at 366 (citing Muhammad v. Cnty. Bank of Rehoboth Beach, 189 N.J. 1, 15 (2006)). The Court then stated that if it had analyzed the time-limitation provision under the concept of unconscionability, it would have found the provision unconscionable. Id. at 367.

In 2018, the Legislature amended LAD to incorporate the rule set forth in Rodriguez. Thus, section 12(a) of LAD states: "It shall be an unlawful employment practice to require employees or prospective employees to consent to a shortened statute of limitations or to waive any of the protections provided by the [LAD]." N.J.S.A 10:5-12(a).

Applying the holding of Rodriguez, the time-limitation provisions in Raymours' Arbitration and Associate's Agreements are unenforceable. Indeed, Raymours concedes that point. The question then becomes whether the time-limitation provisions can be severed from the arbitration provisions.[2]

---

[2] We also note that on March 3, 2022, President Biden signed into law an Act that exempts sexual harassment claims from arbitration, including arbitration under the FAA. Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, H.R. 4445, 117th Cong. (2022) (enacted and to be codified at 9 U.S.C. §§ 401-402).

2.    Severability.

Courts can sever an invalid provision of a contract unless striking the illegal provision "defeats the primary purpose of the contract." Jacob v. Norris, McLaughlin & Marcus, 128 N.J. 10, 33 (1992); Curran v. Curran, 453 N.J. Super. 315, 322 (App. Div. 2018). In making that assessment, we "must determine whether the unenforceability of [the] provision[] renders the remainder of the contract unenforceable." Jacob, 128 N.J. at 32. See also NAACP, 421 N.J. Super. at 437.

Moreover, just as we do in interpreting all contracts, we must evaluate whether the plain language of the contract supports severance. See Kernahan, 236 N.J. at 321 ("A basic tenet of contract interpretation is that contract terms should be given their plain and ordinary meaning."); see also In re Cnty. of Atlantic, 230 N.J. 237, 254 (2017) (quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)) (explaining courts cannot write contracts for parties and can only enforce contracts that the parties themselves have made). Accordingly, courts will not rewrite a "contract merely because one might conclude that it might well have been functionally desirable to draft it differently." Karl's Sales & Serv., Inc. v. Gimbel Bros., 249 N.J. Super. 487, 493 (App. Div. 1991) (quoting Levison v. Weintraub, 215 N.J. Super. 273, 276 (App. Div. 1987)).

"Nor may the courts remake a better contract for the parties than they themselves have seen fit to enter into, or to alter it for the benefit of one party and to the detriment of the other." Ibid. (citing James v. Fed. Ins. Co., 5 N.J. 21, 24 (1950)); see also Impink ex rel. Baldi v. Reynes, 396 N.J. Super. 553, 560 (App. Div. 2007).

Raymours' Associate's Agreement and Arbitration Agreement expressly linked the time-limitation provisions with the arbitration provisions. Both paragraphs three and four of the Associate's Agreement state that any claims against Raymours must be made within the 180-day deadline by filing those claims with the arbitration administrator. The Arbitration Agreement also intertwines the time-limitation provision with the arbitration provision. In that regard, the Arbitration Agreement stated: "A Claim must be filed with the Administrator within 180 days after it arises." The Arbitration Agreement then goes on to state: "If a Claim is not filed with the Administrator within the time period described above, the party wishing to assert it will forever waive and lose the right to seek relief for that Claim."

In other words, Raymours chose to link and intertwine the time-limitation concept with the agreement to arbitrate. To sever the time-limitation provisions would require a rewriting of the contract that Raymours drafted.

The plain language of the Raymours' Associate Agreement and Arbitration Agreement precludes severance, and the intertwining of the time limitations with the arbitration requirement makes the agreements in their entirety substantively unconscionable. See Rodriguez, 225 N.J. at 366-67; Delta Funding Corp. v. Harris, 189 N.J. 28, 39-40 (2006). In Rodriguez, the Court stated that Raymours' employment application was a contract of adhesion. 225 N.J. at 366-67. Because the Associate's Agreement and Arbitration Agreement are also presented to employees on a take-it-or-leave-it basis with no ability to negotiate, those agreements are also contracts of adhesion. Our Supreme Court struck down the contractual provision that shortened the two-year statute of limitation period in 2016 in Rodriguez. Raymours, thereafter, apparently chose not to notify its employees that the time-limitation provision was no longer enforceable, and it also chose not to delete the illegal provision from its agreements. In that regard, there is nothing in the record showing that Guc was notified that the 180-day provision that she agreed to in 2014 had been declared invalid. Just as importantly, Carr was presented in 2018 with an Associate's Agreement and Arbitration Agreement that included the invalidated 180-day time-limitation provision.

12

We do not know why Raymours included in its 2018 agreements language our Supreme Court struck as contrary to public policy in 2016. Perhaps, Raymours hoped that some, if not the majority, of their employees would not be aware that the time-limitation provision was unenforceable and might not pursue claims after 180 days. Maybe Raymours never got around to amending its agreements to address the Court's concerns. Under either interpretation of Raymours' intent, it would be inconsistent with the public policy recognized in Rodriguez to sever the time-limitation provision and enforce the arbitration provisions. That substantial rewriting of the agreements would have the effect of endorsing Raymours' failure to address the Supreme Court's Rodriguez holding. It would also encourage Raymours to continue to leave the unenforceable time-limitation provision in its agreements, while allowing it to still enforce the arbitration provision if a more knowledgeable employee exercised his or her right to bring a LAD claim after 180 days.

Raymours contends that an unpublished decision issued by this court in 2016 supports its position that the time-limitation provision should be severed, and the remainder of the arbitration provisions enforced. Consistent with our rules, we do not cite to that unpublished opinion, nor is it precedential. R. 1:36-3; Brundage v. Estate of Carambio, 195 N.J. 575, 593 (2008) ("[T]he decision

of one appellate panel [is not] binding upon another panel of the Appellate Division." (citations omitted)). More to the point, while another panel of this court severed the time-limitation provision following the decision in Rodriguez, for the reasons we have already discussed, we are not persuaded by the severance argument.

In addition, Raymours cites to cases from other jurisdictions where courts enforced its arbitration program. See, e.g., Patterson v. Raymours Furniture Co., Inc., 96 F. Supp. 3d 71, 76-77 (S.D.N.Y. 2015) (enforcing arbitration after employee electronically acknowledged she read and reviewed revised handbook and thereafter continued working for Raymours), aff'd, 659 F. App'x 40 (2d Cir. 2016). We do not find those cases persuasive as the enforceability of a time-limitation provision in an arbitration agreement was not before those courts.

Finally, having determined that the Associate's Agreement and Arbitration Agreement signed by Guc and Carr are unconscionable and unenforceable, we need not address whether the reservation-of-rights provision in the Arbitration Agreement also makes the agreements substantively unconscionable. We affirm the trial court's order refusing to compel arbitration. We remand this matter so that plaintiffs can continue pursuing their LAD claims in the Law Division.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-3452-20